WILLIAM F. ROSENFELD v. HELEN R. ROSENFELD.

249 N. W. 2d 168.

November 5, 1976—No. 46091.

*Berde, Leonard & Weinblatt, Richard E. Leonard,* and *Alan W. Weinblatt,* for appellant.

*William F. Messinger* and *Rebecca A. Knittle,* for respondent.

Heard before Rogosheske, MacLaughlin, and Marsden, JJ., and considered and decided by the court en banc.

MacLAUGHLIN, JUSTICE.

This is an appeal from an order of the Family Court Division of the Hennepin County District Court which affirmed its previous order reversing the custody determination of a family court referee and awarding the permanent custody of the parties' 3-year-old daughter to respondent-mother.[1] Because the family court's decision to reverse the referee's determination was an informed and independent decision supported by adequate written findings and was not an abuse of discretion, we affirm.

Appellant, William F. Rosenfeld, and respondent, Helen R. Rosenfeld, were married in 1967, and their daughter, Tasya Rosenfeld, was born on December 2, 1971. Appellant and respondent separated in August 1973 pursuant to a written separation agreement which provided for equally divided custody of their daughter Tasya. Because of the separation respondent moved into a one-bedroom apartment where she resided for approximately 10 months. Thereafter, in June 1974, respondent

---

[1] The order appealed from also denied appellant-father's motions for (1) amended findings; (2) a new trial, and (3) a stay of execution of the previous custody order.

moved into a house on Park Avenue in Minneapolis which she shared with another woman, Fluffy Golod, and Golod's 5-year-old daughter and 21-year-old brother. During this time respondent was enrolled as a graduate student working for a master's degree in American Studies at the University of Minnesota and had custody of Tasya approximately 50 percent of the time.

On July 31, 1974, appellant commenced an action for dissolution of the marriage. By stipulation between the parties, a custody hearing was scheduled before a family court referee. It was stipulated that the hearing was not to operate as a waiver of the parties' rights to a full review of the custody issue by the family court judge. On February 5, 1975, the referee entered an order awarding custody of Tasya to appellant. The basis for the referee's custody decision was that the life style of appellant would provide a "more stable environment" for Tasya than the "free style living with multiple adult control of the home" environment that respondent provided.

Respondent's notice of review of the referee's order was heard before the family court judge on April 28, 1975. At this hearing the family court judge was informed that respondent had moved into her own apartment with Tasya, and that Fluffy Golod and her daughter now lived in a separate apartment directly above respondent. After reviewing the record, interviewing the parties, and listening to arguments of counsel, the family court judge found that "there is nothing in the lifestyle of either parent which would be detrimental to raising the child" and that "the present best interests of the child will best be served by being in the custody of the mother." Appellant's motions for amended findings, a new trial, and a stay of execution of the custody order were denied, and this appeal followed.

On November 5, 1975, this court denied appellant's motion to accelerate this appeal, but on December 11, 1975, remanded the matter to the trial court for "consideration of an appropriate motion by [appellant] based upon additional evidence." On January 29 and 30, 1976, the trial court conducted an evidentiary

hearing at which appellant introduced evidence showing that, subsequent to the family court's order, respondent had been arrested while in Tasya's presence, and convicted for shoplifting. Appellant also introduced evidence that Tasya had been briefly hospitalized because of an accidental exposure to carbon monoxide fumes while riding in an automobile with respondent and that Tasya had cried on two occasions when appellant brought her back from visitation. The trial court found that these new facts did not constitute "such a sufficient change of circumstances * * * as to warrant a change of custody."

The issues raised on this appeal are:

(1)   Whether the family court judge erred by reversing the family court referee without determining that his findings were clearly erroneous;

(2)   whether the family court judge erred by failing to make specific findings of fact on each statutory factor listed in Minn. St. 518.17, subd. 1; and

(3)   whether the family court judge abused her discretion by awarding custody of Tasya to respondent.

1.   Appellant first argues that the family court judge must accept the referee's findings of fact unless they are clearly erroneous. The same argument was presented to this court in LaBelle v. LaBelle, 296 Minn. 173, 176, 207 N. W. 2d 291, 293 (1973), where we stated:

"Defendant argues that the trial court should be bound by the findings of the referee unless those findings are clearly erroneous. The Ramsey County Family Court referees are provided to assist the judge of the Family Court Division. Minn. St. 484.64, subd. 3. The trial judge must be completely free to exercise his judgment and discretion. For that reason we see no merit in defendant's contention."

We recently reconsidered and fully discussed the holding in LaBelle and the issue of whether a family court judge should be bound to the findings of a referee. In Peterson v. Peterson, 308

Minn. 297, 304, 242 N. W. 2d 88, 93 (1976), we adhered to the rule established in LaBelle, specifically holding:

"* * * [A]ll recommended findings and orders of a family court referee in custody matters are advisory only and possess no more than prima facie validity. The family court judge has the duty and retains the ultimate responsibility to make an *informed and independent decision on the custody motion.*" (Italics supplied.)

In the instant case it is clear that the family court judge has made an informed and independent decision on the custody issue. The record discloses that the family court judge carefully examined the transcript, questioned the parties, and listened to counsel's arguments before making the decision. Indeed, the family court judge stated that she had "spent probably more time in thinking about this particular case [than any other case]." Thus, since she made an informed and independent decision the family court judge's action is consistent with our holdings in LaBelle and Peterson.

2. Appellant next argues that the trial court's findings of fact in the instant case are statutorily insufficient to support an award of custody. Minn. St. 518.17, subd. 2, provides in part:

"Upon adjudging the nullity of a marriage, or a dissolution or separation, the court may make such further order as it deems just and proper concerning the care, custody, and maintenance of the minor children of the parties and may determine with which of the parents they, or any of them, shall remain. In determining the parent with whom a child shall remain, *the court shall consider the best interest of the children* and shall not prefer one parent over the other solely on the basis of the sex of the parent." (Italics supplied.)

Minn. St. 518.17, subd. 1, provides:

"* * *'[T]he best interest of the children' means the *sum total of the following factors to be considered and evaluated by the court*:

"(a) The love, affection and other emotional ties existing between the competing parties and the child;

"(b) The capacity and disposition of competing parties to give the child love, affection and guidance and continuation of the educating and raising of the child in its religion or creed, if any, or culture;

"(c) The capacity and disposition of competing parties to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs;

"(d) The length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity;

"(e) The permanence, as a family unit, of the existing or proposed custodial home;

"(f) The cultural background of the child;

"(g) The mental and physical health of the competing parties;

"(h) The home, school and community record of the child;

"(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express preference;

"(j) Any other factor considered by the court to be relevant to a particular child custody dispute." (Italics supplied.)

Appellant contends that this statute requires the family court judge to make specific written findings on each statutory factor.[2] In Wallin v. Wallin, 290 Minn. 261, 267, 187 N. W. 2d 627, 631 (1971), this court stated:

"* * * [I]n custody matters and in domestic relations cases

---

[2] We note that appellant did not request such specific findings of fact in his motion for amended findings of fact. Since appellant failed to raise this issue in its motion to the trial court, we ordinarily would not consider the issue on appeal. However, in the interest of fully deciding the case, we have elected to decide the issue as though it had been raised in appellant's motion.

generally, a high regard must necessarily be given to the trial court's discretion. Yet, in view of that broad discretion, it is especially important that the basis for the court's decision be set forth with a high degree of particularity if appellate review is to be meaningful."

In Peterson v. Peterson, 308 Minn. 297, 307, 242 N. W. 2d 88, 94 (1976), this court again stressed the importance of written findings by the family court:

"* * * Our experience in reviewing change-of-custody questions compels us to now hold that written findings and conclusions of law which constitute the grounds for decision on a motion to change custody shall be required of both the family court referee and family court judge."

In light of the importance of written findings and the fact that Minn. St. 518.17, subd. 1 directs the family court to "consider and evaluate" certain specific factors in determining the best interest of the child, we conclude that the family court must make written findings which properly reflect its consideration of the factors listed in Minn. St. 518.17, subd. 1. Such findings would (1) assure consideration of the statutory factors by the family court; (2) facilitate appellate review of the family court's custody decision; and (3) satisfy the parties that this important decision was carefully and fairly considered by the family court.

We are satisfied that the family court judge's findings in the instant case reflect proper consideration of the statutory factors which relate to the best interest of Tasya. Minn. St. 518.17, subd. 1(a), directs the family court to consider the "emotional ties existing between the competing parties and the child." The family court specifically found on this point that "respondent * * * has the closest relationship with the child." Minn. St. 518.17, subd. 1(b), directs the court to consider the "capacity and disposition of competing parties to give the child love * * *." The family court specifically found that both

parents were "concerned and loving parents," but that "respondent had provided the most continuity of care" for the child. Minn. St. 518.17, subd. 1(d), directs the court to consider "[t]he length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity." The family court specifically found that "there is nothing in the lifestyle of either parent which would be detrimental to raising the child." While there are other statutory factors on which there are no specific written findings, it is clear from the record that the family court judge considered these factors but correctly concluded under the facts of this case that they were irrelevant to the issue of the best interest of Tasya.

We do not hold that the trial court must make a specific finding on each of the statutory factors, nor do we hold that each factor must be specifically addressed by the trial court. It is sufficient if the findings as a whole reflect that the trial court has taken the statutory factors into consideration, in so far as they are relevant, in reaching its decision. Since it is clear in the instant case that there was such consideration, we conclude that the findings are sufficient under Minn. St. 518.17 to support the award of custody to respondent.

3. The only remaining issue is whether the family court judge abused her discretion by awarding custody of the daughter to the mother. In LaBelle v. LaBelle, 296 Minn. 173, 175, 207 N. W. 2d 291, 292 (1973), this court stated:

"The welfare and best interests of the child are the paramount considerations in selecting one of two parents in whom to place the care, custody, and control of a minor child. Hanson v. Hanson, 284 Minn. 321, 170 N. W. 2d 213 (1969). In matters of custody, the trial court is vested with a wide discretion, and its determination will not be reversed unless there is a clear abuse of that discretion."

In the instant case, Dr. Mink, a clinical psychologist specializing in child psychology, testified that respondent had—

"* * * provided the continuity of care throughout the child's life. She manipulated her own schedule in order to be able to take care of the child and has altered her own life in order to be with Tasya and to meet Tasya's needs. So that I would conclude from my evaluation that she has had, you might say, the stronger relationship, or at least the relationship that has provided the most continuity for Tasya, and on the basis of that, then it is my opinion that she is the parent who should continue to have the primary responsibility."

When asked what effect removing custody from respondent would have on Tasya, Dr. Mink answered:

"This would be very, very difficult for Tasya, and I think it would have a disturbing effect upon her; that there would be anxiety stemming from the separation that would be detrimental to her."

The trial court found that both appellant and respondent were "concerned and loving parents" but that "throughout the three years of Tasya's life, respondent [had] provided the most continuity of care and [had] the closest relationship with the child." Accordingly, the trial court concluded that "the present best interests of the child [would] best be served by being in the custody of her mother * * *." This was a very difficult decision for the trial court. In light of the record as a whole, we conclude that the trial court's determination was not an abuse of discretion, and, therefore, we affirm the award of custody to the mother.

No award of attorneys fees shall be made to either party.

Affirmed.