In re the Marriage of Sue Ann CLARK, now known as Sue Ann Causey, Petitioner, Respondent,

v.

Charles Lawrence CLARK, Appellant.

No. C7-83-1497.

Court of Appeals of Minnesota.

April 4, 1984.

Ruth Ann McCaleb, Rochester, for appellant.

Mary Alice Richardson, Rochester, for petitioner, respondent.

Heard, considered, and decided by FOLEY, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

Dr. Clark appeals from an August 30, 1983, post-dissolution order by Olmstead County Court, Family Division, denying his motion for expanded visitation privileges with his six-year-old daughter, for equal division of actual transportation costs incidental to visitation, and for reasonable attorney fees. The court denied his motion for attorneys fees, further reduced appellant's visitation privileges, and ordered him to pay the travel costs for half the trips the child made incidental to visitation, despite respondent's ability to provide such transportation free. We affirm in part, reverse in part, and remand.

### Facts

This is the fifth appearance of this matter before a court. The issues cannot be reviewed in a vacuum. Therefore, the history of the many motions brought by ex-wife in a short period of time must be considered.

Appellant Dr. Lawrence and respondent Sue Clark were divorced after five years of marriage. At the time of their dissolution, both were living in the Rochester area. The mother was granted custody of their only child, Carrie, 2½ years, subject to reasonable and liberal visitation by the father.

Both parties are remarried and each have two children from their second marriage. Dr. Clark and his new wife continue to live in Rochester. Sue Clark, now Sue Causey, married an airline pilot and lives in Salt Lake City, Utah, with her new family and Carrie.

Less than nine months after the Clarks were divorced, Mrs. Causey moved to modify the judgment and decree to allow her to leave Minnesota with Carrie to pursue her nursing career in Colorado where she believed her professional opportunities were greater. Over Dr. Clark's objection the

court granted Mrs. Causey's motion and defined his reasonable visitation rights to mean 14 weeks of visitation per year, including at least 6 weeks of visitation during the summer months.

One and a half years later Mrs. Causey moved to reduce visitation. Again, over Dr. Clark's objection, his visitation was reduced from 14 weeks per year to approximately 7½ weeks per year. At this time Carrie was not yet in school. The amended judgment also required appellant to pay transportation costs for two summer visits, notwithstanding the availability of free, or nearly free, air fare for Carrie through her step father's benefits as an airline pilot. Mrs. Causey was ordered to pay the transportation costs during Christmas and spring vacations. She has used free airlines passes provided by her husband for these trips.

Less than one month later Mrs. Causey moved to reduce visitation. Dr. Clark's visitation was again reduced by an average of one week per year, again over his objection.

After much difficulty in getting even the minimum court ordered visitation, Dr. Clark moved for more extensive and reasonably scheduled visitation and division of *actual* transportation costs. This hearing, scheduled for Dec. 14, 1982, was continued five months to May 16, 1983 at request of Mrs. Causey's attorney to permit her time to prepare responsive affidavits.

The May 16, 1983 hearing resulted in an amended judgment, issued on August 30, 1983, which further reduced Dr. Clark's visitation by an average of one week per year and provided for a continuing division of transportation costs, requiring Clark to pay transportation for half of the visitation, regardless of availability of free airline passes for the child.

In four years Dr. Clark's visitation has been reduced from "reasonable and liberal visitation" to 14 weeks per year, to 7½ weeks per year, to 6½ weeks per year, to 5½ weeks per year.

Each order reducing visitation includes the statement that his visitation should "include but not be limited to" the schedule set out by the court. It is clear that this statement is meaningless to Sue Ann Causey as she never allows visitation in excess of the minimum established by the court.

*Issue*

1. Did the trial court abuse its discretion in reducing father's visitation from 14 weeks to 5½ weeks each year without specific findings that the child's health or emotional development required restricted visitation?

2. Did the trial court abuse its discretion in failing to order the parties to share equally in the actual transportation costs involved with visitation?

3. Did the trial court abuse its discretion in denying appellant's request for attorney fees?

*Analysis*

■ 1. Reduction of visitation during the summer months is the only visitation issue on appeal. It is well established that the ultimate question in all disputes over visitation is what is in the best interest of the child. Minn.Stat. § 518.175 (1982); *Rosenfeld v. Rosenfeld*, 311 Minn. 76, 249 N.W.2d 168 (1976).

Minn.Stat. § 518.175, Sub. 5, deals specifically with the issue of restricting visitation rights. It provides:

The court may modify an order granting or denying visitation rights whenever modification would serve the best interest of the child, but the court shall not restrict a parent's visitation rights unless it finds that the visitation is likely to endanger the child's emotional health or impair his emotional development.

■ The intent of the statute is to allow a child to maintain a two parent relationship. Here, the trial court made no finding that Carrie's health or emotional development required a restriction of visitation. The trial judge reasoned that it would "seem terribly logical and practical that

Carrie should spend the greater portion of her time in the summertime with Sue Ann Causey, her mother, at her home in Salt Lake City."

There is nothing in the record that makes it so terribly more logical and practical for Carrie to spend a greater portion of her summer with her mother, than with her father in Minnesota. Both communities offer activities that interest the child.

Carrie is six years old. She and her father have a good relationship. There is nothing in the record to indicate that allowing the continuance of this relationship is not in her best interest.

The trial court abused its discretion in allowing the slow erosion of appellant's rights without any showing pursuant to the statute that reduced visitation would endanger Carrie's emotional health or impair her emotional development.

Appellant should have visitation with Carrie in the summers beginning two weeks after her school is out, and ending two weeks before her school begins in fall. If Sue Causey comes to Minnesota during the summer she is entitled to spend two weekends with Carrie, providing she gives reasonable notice. She may have additional time by agreement of the parties. All other visitation should remain as previously agreed by the parties.

2. The court also abused its discretion in not dividing equally the actual transportation costs.

Free air line passes have been available to Sue Causey and her children ever since she married an airline pilot. She has elected not to use them except for the two trips each year for which she has financial responsibility. Her insistence that Dr. Clark pay for something she could provide for little or nothing is simply consistent with her uncooperative and antagonizing conduct.

Under the circumstances of this case, the parties should share all actual costs not covered by passes. If passes can not be used it shall be the direct obligation of respondent to show that passes are not available for any given flight.

3. Dr. Clark also claims that the court abused its discretion in refusing to grant him attorney fees when Mrs. Causey caused an unreasonable, bad faith delay in failing to timely file responsive affidavits or appear for the Dec. 14, 1982 hearing. However, her failure to provide affidavits or appear at the hearing was because of the distance between her and her attorney, her advanced pregnancy, and the fact that she had three small children at home to care for. The trial court did not err in denying the cross-motions for fees.

### Decision

We remand with directions to the trial court to amend the judgment and reinstate the father's visitation with Carrie as follows: (1) by permitting appellant to have visitation with Carrie from two weeks after school is out in the summer until two weeks prior to commencement of school in the fall, (2) to order that the parties equally share actual costs of transportation for Carrie's visits, not covered by free airline passes. We affirm the trial court's denial of attorney fees.