**In re The Marriage of Gary D. SCHULTZ, Petitioner, Respondent,**

**v.**

**Rita S. SCHULTZ, Appellant.**

**No. C5–84–293.**

Court of Appeals of Minnesota.

Nov. 20, 1984.

Harold R. Wingerd, St. Paul, for respondent.

James G. Paulos, St. Paul, for appellant.

Heard, considered, and decided by LANSING, P.J., and HUSPENI and CRIPPEN, JJ.

## OPINION

HUSPENI, Judge.

This is an appeal by mother from a dissolution judgment and decree granting joint legal custody of the parties' three minor children, but granting father sole physical custody. We affirm.

## FACTS

The parties were married in January 1967. They have three children: Julie, born October 17, 1967, Robert, born December 17, 1973, and Katie, born April 8, 1980.

The mother is an assistant professor of nursing for St. Olaf College, conducting classes at the Metropolitan Medical Center in Minneapolis. She also works part-time as a nurse for St. John's Hospital in St. Paul. She is actively involved in Eastern Star, an auxiliary to the Masons, and has held several high offices in that organization.

The father works full-time days for Burlington Northern Railroad Company. He is also part owner of a gun shop. For the first year of its operation, the gun shop required most of father's evenings, but he now works there approximately one hour each night, between 5:00 p.m. and 6:00 p.m.

Dissolution proceedings commenced in January 1983. The initial temporary order of March 9, 1983, granted temporary custody of the three children to father, together with use of the homestead. On May 9, 1983, the order was amended to grant temporary custody of the two youngest children to mother. Julie had filed an affidavit indicating her preference was to live with her father. The court found that mother spent less time away from home than originally believed, and that she had been the primary caretaker for the children. Mother received possession of the house under the May 9 order. The court further noted that both parties had unnecessarily involved the children in their animosity.

Property issues were settled, but the parties went to final hearing on the custody issue on January 9, 1984. Each party presented much testimony on his or her capacity to love and the other party's lack thereof. The father emphasized the mother's devotion to Eastern Star, that she was gone 3–4 nights per week with Star, and worked several weekend shifts at St. John's. Father said he put the children to bed each night. He presented testimony from a former live-in babysitter that mother often told the children she did not love them, or refused their requests for attention.

The mother said she was only gone 2–3 nights per week, that her Star obligations were now greatly reduced, and she need only work a minimum of eight hours every two months at St. John's. She said father was gone every evening until midnight at the gun shop, only put the children to bed

half of the time, and was romantically involved with the babysitter.

The mother claimed to be the primary caretaker, noting that she always took the children to and from day care. The father responded by recognizing he did spend that much time at the gun shop, but only the first year. He also denies there is any romantic relationship with the former babysitter.

A custody study by Court Services recommended mother receive sole custody of the children. However, the report appears incomplete in regard to addressing the activities and work hours of both mother and father and the amounts of time spent by each with the children. Both parents have adequate day care assistance available.

The court found both parties were fit and proper persons to have custody and granted joint legal custody, but granted physical custody of all three children to the father. He also received possession of the homestead. The mother claims she should have received custody of at least the two youngest children.

### ISSUES

1. Whether in deciding the issue of custody the trial court considered all of the elements of Minn.Stat. § 518.17, subds. 1 and 2 (1982)?

2. Whether the grant of joint legal custody with sole physical custody to the father was within the trial court's discretion?

### ANALYSIS

■ 1. The trial court must make written findings which reflect consideration of all the custody decision factors set out in Minn.Stat. § 518.17, subds. 1 and 2 (1982). *Rosenfeld v. Rosenfeld*, 311 Minn. 76, 249 N.W.2d 168 (1976). This does not mean that the court must specifically address each factor. Rather:

It is sufficient if the findings as a whole reflect that the trial court has taken the statutory factors into consideration, inso-

far as they are relevant, in reaching its decision.

*Id.* at 83, 249 N.W.2d at 172.

■ The trial court stated in its findings that it had considered all of the factors in Minn.Stat. § 518.17, subd. 1, in the grant of physical custody to the father. While a more complete recitation of the applicable 518.17, subd. 1 (a)–(i) factors would have facilitated review on appeal, the record as a whole supports the court's finding of proper consideration of those factors.

The trial court did not specifically mention those factors which must be considered when joint legal custody is granted under Minn.Stat. § 518.17, subd. 2. These factors include the ability of the parents to cooperate in child rearing, methods for resolving disputes, and whether it would be detrimental to the child if one parent were to have sole authority. The trial court heard testimony about the parties' disputes over discipline and child care. In his comments at the close of trial the judge said:

I think you both tried to be really good parents and that your children reflect the goodness that you have given them and that I hope that you will continue to work together as parents, difficult as that might be.

In fact I can probably tell you that I am, notwithstanding what has been said in the recommendations of the Court Services Department, probably going to consider joint legal custody so that you will be called upon together to make decisions involving major issues of the children on medical, education, religious and that sort of thing. I am a firm believer in that. I think once the dust settles in a case, and I think it does settle, that it is really important for you both to be able to do that and for the children to sense that kind of decision making is made by both of you.

■ Although it is preferable for the trial court to expressly discuss the required statutory factors in its findings, the quoted discussion above indicates that this trial judge did sensitively and perceptively consider each factor necessary for joint legal

custody. There is little evidence that the parties cannot cooperate on major decisions. In fact they do agree on educational plans and health care. While the parties clearly have some problems in working together on day-to-day problems, we cannot say the trial court abused its discretion in determining that they would be able to cooperate as necessary once the anguish of the dissolution proceeding was past.

2. We have consistently recognized that the trial court has broad discretion in custody decisions. *Peterson v. Peterson*, 308 Minn. 365, 242 N.W.2d 103 (1976). The trial judge's findings are given considerable deference. *Berndt v. Berndt*, 292 N.W.2d 1 (Minn.1980). The best interests of the child must always be paramount. Minn.Stat. § 518.17, subd. 3 (1982).

The record supports the trial court's finding that both parents are fit and able to raise their children. The mother does not dispute custody of Julie, the oldest daughter, who expressed a preference to live with her father. The trial court noted that the children loved each other and missed being together during the split custody periods. We cannot say it abused its discretion in finding the best interests of the children were served by their remaining together and by granting their sole physical custody to their father.

### DECISION
The trial court appropriately considered all the custody award factors in Minn.Stat. § 518.17. There was no abuse of discretion in awarding joint legal custody to both parents, and sole physical custody of all children to the father.

Affirmed.