**In Re the Marriage of Gerald H. GUETZKOW, Petitioner, Appellant,**

v.

**Mary A. GUETZKOW, Respondent.**

**No. C4–84–785.**

Court of Appeals of Minnesota.

Dec. 11, 1984.

Jack S. Jaycox, Reidenberg & Jaycox, Bloomington, for appellant.

Edward M. Cohen, St. Louis Park, for respondent.

Heard, considered, and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

WOZNIAK, Judge.

The husband appeals from the denial of a motion to amend a dissolution judgment and decree. He contends that the trial court erred in its award of child custody to the wife and in its division of marital assets. We affirm the custody award, and remand for further findings on the property division issue.

## FACTS

The parties were married August 4, 1978, and lived together as husband and wife for approximately four years before the petition for dissolution was filed. They have one child, Joshua, who is five years old. Gerald has been married once before and has no other children. Mary has been married twice before and has a child, Shelley, age 9, from her second marriage, presently in her custody.

Gerry entered the marriage with significant assets, including his business, Gerry Construction, Inc., and the parties' home, Foxfyre Farm. Mary entered the marriage with few assets other than a home which was built and partially financed by Gerry. The parties kept a joint checking account, although Gerry paid almost all household bills out of Gerry Construction, Inc.

## ISSUES

1. Did the trial court abuse its discretion in awarding physical custody of Joshua to Mary?

2. Did the trial court abuse its discretion in its division of property?

## ANALYSIS

 1. The trial court has broad discretion in determining child custody, and will not be reversed without a clear showing of an abuse of that discretion. *Englund v. Englund,* 352 N.W.2d 800 (Minn. Ct.App.1984). While the trial court should have set forth with a higher degree of particularity its findings concerning custody, *Rosenfeld v. Rosenfeld,* 311 Minn. 76, 249 N.W.2d 168 (1976), the record as a whole supports the trial court's award of custody to Mary.

2. The trial court also has broad discretion in dividing marital property. *Johns v. Johns,* 354 N.W.2d 564 (Minn.Ct. App.1984). Its decision will be reversed only for a clear abuse of discretion. *Servin v. Servin,* 345 N.W.2d 754 (Minn.1984). However, in order for there to be adequate review, the trial court's decision must be supported "by either clear documentary or testimonial evidence, or by comprehensive findings issued by the court." *Ronnkvist v. Ronnkvist,* 331 N.W.2d 764, 766 (Minn. 1983).

Gerry first asserts that the trial court erred in finding that certain proceeds from stock market transactions and from a commodities account were marital property. He also contends that the trial court erred in not allowing "entrepreneurship" of $81,750 as a cost in the development of some marital property. Finally, Gerry argues that the trial court erred in its distribution of marital property in light of the short term marriage of the parties.

As to none of these contentions, however, did the trial court make comprehensive findings. Rather, the trial court simply set forth its conclusions. Nor is there clear documentary or testimonial evidence on these matters. Upon such a record, adequate review cannot be performed, and thus we must remand for more complete findings.

## DECISION

The trial court did not err in its award of physical custody to Mary. The trial court failed to make adequate findings as to the division of marital assets.

Affirmed in part and remanded in part.