**In re the Marriage of Gary Earl WOLTER, petitioner, Respondent,**

v.

**Suzanne Carol WOLTER, Appellant.**

**No. C1–84–2171.**

Court of Appeals of Minnesota.

May 7, 1985.

Jack S. Jaycox, Minneapolis, for appellant.

William P. Luther, Minneapolis, for respondent.

Heard, considered, and decided by RANDALL, P.J., and SEDGWICK and HUSPENI, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from a dissolution action. The trial was bifurcated with the issues of child custody and possession of the homestead tried separately from property-related issues. The court originally made findings allowing the father primary custody of the children for nine months during the school year, and the mother primary custody for the three summer months. This was amended, upon the mother's motion, to a six month/six month split. She now appeals claiming the trial court erred in not granting her a new trial on both the custody and homestead possession issues. We affirm.

## FACTS

Respondent Gary Wolter and appellant Suzanne Wolter were married in 1972. They have two daughters, Beverly 10, and Jennifer, 8. Respondent is a 727 captain for Northwest Airlines. Appellant is a flight attendant for the same airline.

The parties agreed to share joint legal custody of their children, but disputed who should have primary physical custody during the school year.

The only testimony at trial was that of appellant, respondent, and a social worker who conducted an in-home custody study for the court. The social worker's report acknowledged that both parties were capable and good parents and that the children loved and needed them both. The report recommended that custody be awarded to respondent during the school year for the following reasons:

—the children need stability and the father was committed to the homestead and to the St. Michael area;

—the mother was not committed to the St. Michael area and planned to eventually move to Michigan to be closer to her parents;

—the children need a basic structure and the father is more firm and consistent in his discipline of them;

—the mother is liberal with her discipline of the girls, to the point of allowing them to show disrespect towards her;

—the mother is able to get vacation time more easily in the summer, thereby giving her more time with the girls;

—the father flys only domestically and is, therefore, on shorter overnight trips than the mother who often flys overseas.

Appellant testified at trial that respondent often cared for the children and was an able parent. After the trial court issued its original judgment, however, appellant claimed respondent was an unfit parent with mental problems. She deluged the court with affidavits from 50 people all asserting that the court made a terrible mistake in granting respondent primary physical custody of the girls.

The court amended its order granting a 6 month/6 month split with the mother having custody from April 15 thru October 15. This will actually allow her more time with the children because she is able to get vacation time in the summer, where respondent cannot get vacations in summer. This amended order is expressly dependent upon both parents residing within the St. Michael school district. By agreement of the parties, the custody arrangement can be reviewed by a mediator in two years.

The court awarded possession of the homestead to respondent based on testimony that he designed and built it and that he is very attached to the house. Appellant testified that she has no emotional attachment to the place.

## ISSUES

1. Did the trial court abuse its discretion in awarding equal custody?

2. Did the trial court abuse its discretion in awarding possession of the homestead to respondent?

## ANALYSIS

■ A trial court has broad discretion in determining child custody, and should not be reversed absent a clear showing of an abuse of discretion. *In re the Marriage of* *Guetzkow,* 358 N.W.2d 719 (Minn.Ct.App. 1984).

In making such a determination the court must consider the factors set out in Minn. Stat. § 518.17. However, the court need not address each factor specifically. It is sufficient that the findings as a whole reflect that the trial court has taken the statutory factors into consideration, insofar as they are relevant. *In re the Marriage of Schultz,* 358 N.W.2d 136, (Minn.Ct.App. 1984); *Rosenfeld v. Rosenfeld,* 311 Minn. 76, 249 N.W.2d 168 (1976). Here, the court's findings reflect the consideration of all relevant statutory factors.

### Custody Issue

■ Appellant contends the social worker who conducted the custody study indicated she might as well agree with some form of a joint custody arrangement because the court would impose that anyway. Therefore, she claims she presented her case under misinformation as to the law.

The record contradicts this claim. Her own words reveal that she understood that she was not in a no-choice situation. She testified:

Carol (the social worker) indicated that the court system now feels that they *want* to have the parents share, you know, having the children with both parents for lengths of time rather than just visitation and so forth. The Court system is now *trying* to do the splitting of six/six or three/nine, or whatever is correct for the age of the child and whatever is going on in their lives.

This is not necessarily a misleading comment. Furthermore, it was appellant's attorney who proposed that a custody study be conducted to resolve the custody dispute. During the course of this study the pros and cons of a twelve months/zero month arrangement with appellant having primary physical custody were discussed as an option along with numerous other arrangements. Appellant's claim that she was forced to negotiate a joint custody

arrangement is simply not supported in the record.

Appellant cites *Heard v. Heard*, 353 N.W.2d 157, 161–162 (Minn.Ct.App.1984), to support her claim that joint custody was improper under circumstances where the parties cannot communicate, as she now claims is the case. *Heard* held that where parties are unable to cooperate, joint custody should not be awarded. However, evidence of the parties inability or refusal to cooperate must be presented at trial. Here, there is not enough evidence to find the trial court's finding a clear abuse of discretion. In fact, appellant testified that respondent has taken care of and is capable of properly caring for the children and that he is a fit and able parent.

Within days after the court's findings were issued, appellant changed counsel and inundated the court with 50 affidavits, all attesting to respondent's unfit character as a parent. It is clear from many of these affidavits that appellant told the affiants that she lost custody of her children. This was not true. The affidavits are of little value.

**Homestead Possession Issue**

Appellant claims that the trial court abused its discretion in granting respondent possession of the homestead because the court's findings do not reflect consideration of all the factors listed in Minn.Stat. § 518.58.

The record clearly shows that appellant consented to litigating the issue of homestead possession. The parties stipulated at oral argument that the language of the trial court's findings was acceptable and that the value of the homestead will be dealt with along with any other property during the part of this bifurcated trial dealing with property disposition.

### DECISION

We affirm the trial court's decision regarding child custody and homestead possession. Respondent is awarded attorney fees of $400 for this appeal.