**In re the Marriage of Ronald EVENS, petitioner, Appellant,**

v.

**June Ann EVENS, Respondent.**

**No. C6-85-930.**

Court of Appeals of Minnesota.

Nov. 26, 1985.

Beverly J. Anderson, Minneapolis, for appellant.

Jeffrey P. Hicken, Jensen, Hicken, Gedde & Soucie, Anoka, for respondent.

Considered and decided by RANDALL, P.J., and PARKER, and SEDGWICK, JJ., with oral argument waived.

## MEMORANDUM OPINION

PARKER, Judge.

Ronald Evens appeals from a judgment dissolving his 14-year marriage to respondent June Evens. He contests the trial court's custody decision.

In the petition to dissolve the marriage, Ronald requested that June be awarded custody of their two children, ages eight and five. At trial, however, the court discovered that Ronald no longer believed June should be awarded sole custody. The court declined to take further testimony or evidence on the custody issue, except for a photo album offered by Ronald. Instead, it indicated that June would receive temporary custody of the children until a custody investigation could be completed. The court told the parties that if they disagreed with the investigation's recommendations,

they would be allowed to object and return for a hearing.

No custody investigation was ordered, nor were the parties allowed to present additional evidence. With little explanation, the trial court awarded sole custody of the children to June:

> It is in the best interests of said minor children to be in the custody of the Respondent, subject to Petitioner's rights of reasonable visitation.

\* . \* \* \* \* \*

Although the Court had previously indicated the possibility of an investigation regarding the issue of custody, the Court has now determined that it would be in the best interests of the minor children and the parties that the question of visitation only be subject to mediation and supervision by Anoka County Court Services.

## DISCUSSION

Ronald contends the trial court erred when it failed to take additional evidence and make specific findings pursuant to Minn.Stat. § 518.17, subd. 1 (1984).

■ A court must consider the best interests of the child by examining the specific factors set out in Minn.Stat. § 518.17, subd. 1. A trial court's findings must reflect consideration of these factors. *Lawver v. Lawver*, 360 N.W.2d 471, 472 (Minn. Ct.App.1985). A custody decision without adequate findings is reversible error. *Rosenfeld v. Rosenfeld*, 311 Minn. 76, 83, 249 N.W.2d 168, 171–72 (1976).

■ In this case the court contemplated ordering a custody investigation. For no apparent reason, this report was not ordered, nor were the parties allowed to present testimony or evidence on the issue. The trial court's findings are not only based on an incomplete record, but also lack the specificity necessary to satisfy statutory requirements.

## DECISION

The trial court erred in its custody determination by failing to take evidence on the issue and by failing to make specific findings.

The matter is remanded for an evidentiary hearing, and the trial court is instructed to make specific findings reflecting consideration of the children's best interests. Minn.Stat. § 518.17, subd. 1; *see also Pikula v. Pikula,* 374 N.W.2d 705 (Minn. 1985).

Remanded with instructions.