**In re the Marriage of Louise Christine GILLIS, Petitioner, Respondent,**

v.

**Patrick G. GILLIS, Appellant.**

**No. C1–86–1610.**

Court of Appeals of Minnesota.

Feb. 17, 1987.

Sarah C. Mardell, Apple Valley, for respondent.

Lawrence D. Olson, Roseville, for appellant.

Considered and decided by FORSBERG, P.J., and SEDGWICK and HUSPENI, JJ., with oral argument waived.

## MEMORANDUM OPINION

SEDGWICK, Judge.

Patrick Gillis appeals from the dissolution judgment that awards physical custody of their minor child and maintenance to respondent Louise Gillis. We reverse and remand for additional findings.

### 1. *Custody.*

The trial court awarded physical custody of the parties' son, Paul, age 7, to Louise, based on this sole finding:

> The welfare and interests of the minor child of the parties can best be served in the custody of [respondent] subject to visitation privileges of [appellant] at reasonable times.

In making a custody determination, a trial court must make written findings reflecting its consideration of the relevant "best interests" factors of Minn.Stat. § 518.17, subd. 1 (1984). *Rosenfeld v. Rosenfeld,* 311 Minn. 76, 249 N.W.2d 168 (1976); *Evens v. Evens,* 376 N.W.2d 749 (Minn.Ct.App.1985) (mem.).

In *Pikula v. Pikula,* 374 N.W.2d 705 (Minn.1985), the supreme court held that those factors

> require that when both parents seek custody of a child too young to express a preference for a particular parent and one parent has been the primary caretaker, custody be awarded to the primary parent absent a showing that that parent is unfit to be the custodian.

*Id.* at 713.

Here, the trial court made no findings on whether Paul is old enough to express a custodial preference; who the primary caretaker was at the time the dissolution proceeding was commenced; the custodial parent's fitness; or any of the statutory factors. Its conclusory finding that Paul's "welfare and interests * * * can best be served" in Louise's custody is insufficient for meaningful appellate review. *See, e.g., Wallin v. Wallin,* 290 Minn. 261, 267, 187 N.W.2d 627, 631 (1971); *Lawver v. Lawver,* 360 N.W.2d 471, 472 (Minn.Ct.App.1985).

## 2. *Maintenance.*

 A trial court may award maintenance if the requirements of Minn.Stat. § 518.552, subd. 1 (Supp. 1985), are met. The duration and amount should be based on all relevant factors including those specified in subdivision 2 of that statute. *Id.,* subd. 2.

The trial court ordered Patrick to pay Louise maintenance of $400 per month for 15 months. Although it made findings as to the parties' incomes, it made no findings as to their expenses. Its only finding specifically related to maintenance is this:

> [Respondent] is in need of maintenance for a period of time to improve her job skills, and [appellant] is financially able to provide the sum * * * awarded.

These findings are insufficient to enable us to determine whether the trial court properly considered the requirements of the statute. *See, e.g., Kroening v. Kroening,* 390 N.W.2d 851 (Minn.Ct.App.1986); *Kramer v. Kramer,* 372 N.W.2d 364 (Minn. Ct.App.1985), *pet. for rev. denied* (Minn. Oct. 11, 1985); *Durand v. Durand,* 367 N.W.2d 621 (Minn.Ct.App.1985).

## 3. *Attorney's fees.*

 Louise seeks attorney's fees for this appeal under Minn.Stat. § 518.14 (1986). The trial court found that Louise earns approximately $300 per month, and that Patrick earns approximately $2060 per month. The parties' relative financial positions are such that Louise is entitled to a reasonable amount of attorney's fees for this appeal. *See, e.g., Weldon v. Schouviller,* 369 N.W.2d 308, 311 (Minn.Ct.App. 1985).

### DECISION

The awards of physical child custody and maintenance are reversed and remanded for additional findings in accord with this opinion. The trial court may take more evidence on these issues if necessary. Respondent shall submit her attorney's affidavit of hours and charges per hour necessarily incurred for this appeal to this court within two weeks, with copy to opposing counsel.

Reversed and remanded.