**In re the Marriage of Felecia Elizabeth REYES, f.k.a. Felecia Elizabeth Schmidt, Petitioner, Appellant,**

v.

**Douglas Randall SCHMIDT, Respondent.**

No. C1–86–1784.

Court of Appeals of Minnesota.

April 7, 1987.

Andrew E. Hagemann, Jr., Worthington, for appellant.

Larry C. Lucht, Lucht & Wiltrout, Worthington, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and STONE,* JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an amended judgment and decree partially modifying custody of the parties' children. Appellant contends the trial court erred because evidence considered was insufficient to support a custody modification. We reverse and remand.

## FACTS

The parties' marriage was dissolved in March 1983 by the Rock County Court. Appellant Felecia Reyes (f.k.a. Schmidt) was awarded custody of the two minor children, subject to reasonable visitation by respondent Douglas Schmidt. The dissolution decree includes a stipulation executed by appellant and respondent which allows appellant to remove the children from Minnesota to any other state without securing respondent's consent or a court order.

During the course of their marriage, the parties resided in Luverne, Minnesota. Appellant and the children moved to Colorado Springs, Colorado shortly after the dissolution. Appellant worked a few weeks for a photography company before obtaining employment with the civil service. While in Colorado Springs, appellant and the children resided with Arthur Reyes, a United States Army Sergeant. Appellant and Reyes subsequently married and are the parents of a two-year-old son.

In spring 1985, appellant and respondent established a summer visitation schedule whereby the children would spend June, July and August with respondent in Luverne. In June 1985, Sergeant Reyes received a transfer to Georgia. Appellant requested, and was granted, a transfer to Georgia. To facilitate the move and allow time to arrange for permanent housing and schooling in Georgia, appellant suggested extending respondent's visitation schedule. Respondent agreed to this arrangement but contends the children were to stay with him until at least the end of the 1985 school year. Appellant contends she specifically limited the extension to Christmas.

Respondent proceeded to enroll the children in the Luverne school system. Between September 1985 and December 1985, appellant and respondent discussed the current custody situation. In December 1985, respondent moved to modify the original decree by changing custody from appellant to respondent. The court granted respondent permanent custody.

## ISSUE

Do the trial court's findings adequately support its custody modification order?

## ANALYSIS

The starting point for custody modification analysis is Minn.Stat. § 518.18(d) (1984), which states:

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

If the court has jurisdiction to determine child custody matters, the court shall not modify a prior custody order unless it finds, upon the basis of facts that have arisen since the prior order or that were unknown to the court at the time of the prior order, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. In applying these standards, the court shall retain the custodian established by the prior order unless:

(i) The custodian agrees to the modification;

(ii) The child has been integrated into the family of the petitioner with the consent of the custodian; or

(iii) The child's present environment endangers his physical or emotional health or impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

Minn.Stat. § 518.18(d). Application of the standards outlined in Minn.Stat. § 518.18 is not optional. *Bjerke v. Wilcox*, 384 N.W.2d 250, 252 (Minn.Ct.App.1986). The explicit language requiring consideration of specific factors is "indicative of a legislative intent to impart a measure of stability to custody determinations." *State ex rel. Gunderson v. Preuss*, 336 N.W.2d 546, 548 (Minn.1983).

The trial court's findings in the present case do not meet the requirements of Minn.Stat. § 518.18. The court made no specific findings addressing whether a change of circumstances has arisen since the original order and its findings regarding integration are inadequate. Furthermore, the trial court's findings do not support its conclusion that the children's best interests would be served by permanent residence with respondent. Particularized findings are necessary to "facilitate appellate review, to ensure that prescribed standards are utilized by the trial court, and to satisfy the parties that an important ques-

tion is fairly considered and decided by the trial court." *Bjerke*, 384 N.W.2d at 252 (citing *Rosenfeld v. Rosenfeld*, 311 Minn. 76, 82, 249 N.W.2d 168, 171 (1976)).

### DECISION

We remand this case to the trial court, with instructions to make particularized findings supporting its decision in accordance with Minn.Stat. § 518.18.

Reversed and remanded.