**In re the Marriage of Michael Stanley SULLIVAN, Petitioner, Respondent,**

v.

**Deanna Beth (Sullivan) ALLEN, Appellant.**

**No. CO–87–1933.**

Court of Appeals of Minnesota.

March 1, 1988.

Donald H. Spartz, LeCenter, for respondent.

Joseph J. Dudley, Jr., and Joan H. Lucas, St. Paul, for appellant.

Considered and decided by FORSBERG, P.J., and

NIERENGARTEN and CRIPPEN, JJ., without oral argument.

## OPINION

CRIPPEN, Judge.

This is an appeal by the mother from the denial of her motion for modification of custody to the father. We reverse and remand for redetermination of the issue by the trial court.

## FACTS

Respondent Michael Stanley Sullivan and appellant Deanna Beth (Sullivan) Allen were married in New Mexico on December 4, 1979. About six months later they moved to Minnesota, where respondent began working on his father's farm. On December 26, 1980, their daughter was born.

In 1981, the parties decided to dissolve their marriage. Appellant moved to New Mexico in November 1981. Respondent claims appellant abandoned their daughter, saying she wanted nothing to do with him or the child. Appellant states she "reluctantly" agreed to leave the child with respondent, at least until she found a job and place to live. She also claims that Sullivan signed a paper stating the couple's agreement to joint custody.

The marriage was dissolved on May 4, 1982. Respondent was designated the "primary custodian" of the child. The parties were given "joint custody" and the trial court stated that "both parties will have the child for prolonged periods of time." The trial court retained jurisdiction over the child.

Appellant claims respondent moved to Florida after the divorce without notifying her of his address, and she was unable to locate him until late 1982. Sullivan was served twice with notice that he would be held in contempt if he did not permit visitation.

In February 1983, the parties arranged a 45–day period of visitation with appellant. Sullivan claims when he picked the child up in New Mexico after the visit, he became concerned about her physical condition, and took her to a hospital for treatment.

The parties arranged a second visitation in July 1983. When the child arrived, appellant observed her to be in poor physical condition. Appellant introduced photographs at the hearing of the child's distended stomach and a report from her doctor, who diagnosed the child as suffering from malnutrition.

Sullivan claims that for the next three years after the July 1983 visit began, appellant denied him contact with the child and did not inform him of her address. Allen disputes this and offered evidence as to Sullivan's knowledge of her whereabouts and his mailings to her and the child. Allen moved with the child from New Mexico to Deer Park, Texas early in 1984. In October 1984, respondent began a tour of military service in Korea. Evidently, at about the same time, appellant moved to Pasadena, Texas, and in late 1985 she moved to Wichita, Kansas where she still resides.

In May 1986, after his return from Korea, Sullivan wrote to Allen asking for visitation with the child. Subsequently, the parties made arrangements for visits of the child with Sullivan. Sullivan now lives in Newport News, Virginia.

On March 20, 1987, appellant moved for modification of the custody award, asking that she be given primary custody of the child with reasonable visitation granted to respondent. Because the parties' affidavits were so contradictory, the court ordered an independent home study for respondent at his home in Virginia and for appellant at her home in Kansas. Each home study concluded that the father and mother, respectively, could provide a good and stable home for the child.

The court ordered temporary physical custody to remain with appellant for the sake of stability. After an evidentiary hearing in August 1987, the court denied appellant's request for modification of the 1982 order.

The court concluded that appellant "failed to bear the burden of proof necessary for the Court to order a modification" of the 1982 custody determination.[1] The court found that "residing with" neither parent would present a danger to the child's development. Resting on these conclusions, the court did not find whether the child's circumstances required modification of custody to serve the best interests of the child. The court did not find whether it would harm the child to remove her from the family setting where she has lived for four years, or whether there was a concomitant advantage for the child in a change made to continue her care arrangements.

The trial court addressed the statutory factor of family integration, finding that "any integration" into appellant's home did not occur with the consent of respondent. The court found that appellant had "removed" custody of the child from Sullivan without his consent and subsequently withheld information on the child's whereabouts. The court made no finding whether or not the child was in fact integrated into Allen's home.

## ISSUES

1. Are the trial court's findings of fact adequate to support a custody determination?

2. Is appellant entitled to attorney fees incurred for this appeal?

---

1. Child custody modification is governed by Minn.Stat. § 518.18(d) (1986):

(d) If the court has jurisdiction to determine child custody matters, the court shall not modify a prior custody order unless it finds, upon the basis of facts that have arisen since the prior order or that were unknown to the court at the time of the prior order, that a change has occurred in the circumstances of the child or the custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custodian established by the prior order unless:

(i) The custodian agrees to the modification;
(ii) The child has been integrated into the family of the petitioner with the consent of the custodian; or
(iii) The child's present environment endangers the child's physical or emotional health or impairs the child's emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

## ANALYSIS

1. Trial court findings in a custody dispute must reflect the court's consideration of statutory standards. *Rosenfeld v. Rosenfeld,* 311 Minn. 76, 82, 249 N.W.2d 168, 171 (1976).

> [I]n custody matters and in domestic relations cases generally, a high regard must necessarily be given to the trial court's discretion. Yet, in view of that broad discretion, it is especially important that the basis for the court's decision be set forth with a high degree of particularity if appellate review is to be meaningful.

*Wallin v. Wallin,* 290 Minn. 261, 267, 187 N.W.2d 627, 631 (1971). In addition to serving the process of appellate review, complete findings assure consideration of statutory factors and satisfy the need of the parties to know that the case has been decided correctly. *Rosenfeld,* 311 Minn. at 82, 249 N.W.2d at 171.

We conclude that the trial court findings are inadequate to disclose whether the decision is in accord with the standards of Minn.Stat. § 518.18. The court did not address the best interests of the child. More particularly, the court did not determine whether the emotional development of the child would be harmed by taking her from the environment where she has lived for the past four years. Trial court findings resolved serious disputes of the parties regarding their dealings with one another since the child has been with her mother, but this is a factor of little significance here in determining the child's future best interests; there is no finding that the court expects further problems with either parent in arranging visitations.

The trial court found that "residing with" either parent would "in no way impair the child's emotional development." If we were sure of the meaning of this finding, deference to the trial court's opinion would require affirmance. If the present custody order poses no danger for the child's health or emotional development, modification is unwarranted. Minn.Stat. § 518.18(d). It is unclear to us, where the child has been with her noncustodial parent for several years, whether the trial court finding addresses the living circumstances in respondent's (and appellant's) home, or is meant to deal with the additional topic of harm likely to occur through a turnabout in the arrangement for the child's care.

The fact that the child lived in a home environment with appellant for four years likely resulted in an emotional attachment to her mother and to her home life. The child developed a strong bond with her younger step-sister. These are matters which the trial court must evaluate. The modification standards of Minn.Stat. § 518.18 demonstrate the primacy of a child's interest in maintaining a stable environment. The court must also confront and resolve the conflicting evidence as to expressions of the child bearing on her best interests. Interviewed at her mother's home, the child said she wanted to live there, in part because she could be with her sister. When interviewed in her father's home, the child said she would be happy there, and that she would like to go to school and stay there. There is also evidence the child was confused about the proceedings and may not have understood any questions and answers having to do with the place she might stay.

This case was determined largely on documentary evidence, permitting us to independently review the record. *See Northern States Power Co. v. Williams,* 343 N.W.2d 627, 630 (Minn.1984). A determination on the record, however, would be inappropriate, having regard for the central question as to the emotional health of the child. It may likewise prove impossible for the trial court to resolve the case without taking testimony bearing on the child's welfare.

2. Respondent asks that we deny appellant's request for attorney fees because the financial resources of both parties are almost identical. Appellant has not made a sufficient showing under the statute of a disparity in their incomes to justify a full award of attorney fees. *See* Minn. Stat. § 518.14 (1986). We award $400 towards fees and costs on appeal.

## DECISION

The trial court's denial of custody modification is reversed and remanded for redetermination. Appellant is granted $400 attorney fees incurred in this appeal.

Reversed and remanded.