STATE EX REL. GEORGE NEIB v. MRS. FRED KRUEGER.[1]

June 27, 1919.

No. 21,069.

**Habeas corpus — custody of minor.**

1. Upon an appeal in habeas corpus proceedings, pursuant to section 8311, G. S. 1913, where the controversy is as to the custody of a minor, the best interests of the child are the controlling consideration.

**Same — evidence.**

2. Evidence considered and *held* to require a direction that the minor remain with his present custodian until further order.

Upon the relation of George Neib the district court for Steele county granted its writ of habeas corpus commanding Mrs. Fred Krueger to produce the body of Leonard Neib, minor son of the relator. The matter was heard by Childress, J., who granted the father the custody of his child. From that order Mrs. Krueger appealed. Reversed.

*J. A. & A. W. Sawyer,* for relator.

*J. J. McCaughey,* for respondent.

QUINN, J.

Appeal from an order of the district court in habeas corpus proceedings, awarding the custody of Leonard Neib, a minor of the age of 14 years, to the relator, George Neib.

The relator and his former wife, daughter of the respondent, had been married about 14 months and resided at Dodge Center when the minor, whose custody is here in question, was born. The mother died three days thereafter. The grandmother, respondent herein, then took the child to her home where he has resided ever since. Respondent owns a 12-acre lot where she resides. The family at the present time consists of a daughter who has taught school seven years, a son 25 years of age who has just returned from service across the waters, and the grandchild, Leonard. The boy has a good, clean appearance, good manners, enters the seventh grade in school this year, attends church and Sunday school

[1]Reported in 173 N. W. 414.

regularly, is a member of the Juvenile Band of town, assists in the work upon the 12-acre lot, and appears to be well contented with his home and surroundings.

At the time of the death of the boy's mother the relator had no home or property. Shortly thereafter he went to Dakota, but returned within a few months and within two years married his present wife to whom a daughter now 11 years of age was born. They have a little home at Blooming Prairie and the relator has a salary of $128 per month as a rural mail carrier. He has contributed but very little to the support of his son, leaving his welfare for 14 years almost entirely to the grandmother. She proved equal to the occasion and provided well for her charge. Relator's home appears to be a very proper place for Leonard to visit, as was his custom prior to the little unpleasantness during the year 1918, and we think the boy should be encouraged to visit his father's home and cultivate a proper relation therewith.

Upon the hearing the boy was questioned by the members of this court, and his statements, when considered in connection with the testimony taken before the referee, convince us that he has a good home with his grandmother and is strongly averse to leaving the same. He appears to be a boy of good understanding and his wishes must be given just consideration. No good result would be accomplished by compelling him to leave the home with which he is entirely satisfied and by placing him with those who are comparative strangers, especially against his will.

While the legal custody of the boy is vested in the father, yet this does not compel the court to require him to leave the only home he has ever known and go to live with his parent, so long as there is a question about the betterment of his condition. Gauthier v. Walter, 110 Minn. 103, 124 N. W. 634. The undisputed facts have convinced us that the interests of the child will be best served by permitting him to remain with his grandmother. It is therefore ordered that the order appealed from be, and the same is, reversed, and that the respondent, Mrs. Fred Krueger, retain the care, custody and control of the minor, Leonard Neib, within the state of Minnesota, until the further order of the district court, subject to the right of the father and son to visit each other at their homes at all reasonable times and under such conditions and cir-

cumstances as may be prescribed by the judge of the district court.

Reversed.