## GERALD J. LaBELLE v. MARGARET ANN LaBELLE.

207 N. W. 2d 291.

May 4, 1973—No. 43429.

*Nilva, Shaw & Frisch* and *Irving Shaw,* for appellant.
*Richard W. Greeman,* for respondent.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Olson, JJ.

MacLaughlin, Justice.

This is an appeal from an order of the Ramsey County District Court, Family Court Division, amending a divorce decree by changing the custody of a minor son from the mother to the father, subject to the mother's right of reasonable visitation. We affirm.

At issue is the custody of the youngest child of the parties, Ross Thomas LaBelle, born January 18, 1958. Plaintiff, Gerald J. LaBelle, and defendant, Margaret Ann LaBelle, Ross' father and mother, were married on June 20, 1946, and divorced on November 16, 1970. At the time of the divorce three of the parties' children were under age 21—Ross; Maureen Alice, born August 20, 1951; and Mark James, born May 20, 1953. Pursuant to a stipulation agreed upon by the parties, the custody of these three children was awarded to the mother. Less than 4 months after the entry of the judgment and decree in the divorce action, the father made a motion for its amendment to, among other things, award him the custody of Ross. The motion was accompanied by an affidavit of Ross, who was then 13 years old, stating that he desired to be in his father's custody. The Family Court referee, after hearing testimony from the parties and another witness and considering a report from a probation officer recommending that Ross be in the father's custody, found that the best interests of Ross would be served by a continuation of custody in the mother. Upon the recommendation of the referee, an order was entered on August 25, 1971, by a judge of the Ramsey County District Court, who was not the judge of the Family Court Division. The order amended the divorce decree in several respects not pertinent here but continued custody of Ross with the mother. The father thereupon made a motion directed to the judge of the Family Court Division for review of the referee's findings and of the order based upon the referee's recommendations. After taking some additional testimony and conducting an interview with Ross, the judge of the Family Court Division vacated the order of August 25, 1971, and entered

a new order amending the decree and awarding the custody of Ross to the father.

The custody of Maureen, who attends Bemidji State College and is essentially self-supporting, was continued in the mother subject to reasonable visitation by the father. The trial court found that Mark, who left his mother's home on March 25, 1971, and now lives with his father, had full-time employment and is an emancipated minor. Neither party contests the findings concerning Maureen and Mark.

The welfare and best interests of the child are the paramount considerations in selecting one of two parents in whom to place the care, custody, and control of a minor child. Hanson v. Hanson, 284 Minn. 321, 170 N. W. 2d 213 (1969). In matters of custody, the trial court is vested with a wide discretion, and its determination will not be reversed unless there is a clear abuse of that discretion. Hanson v. Hanson, *supra;* Molto v. Molto, 242 Minn. 112, 64 N. W. 2d 154 (1954). In changing custody from one parent to another, we have sometimes discussed the issue in terms of a showing that "the circumstances of the parties are markedly different from those * * * when the decree was rendered." Fish v. Fish, 280 Minn. 316, 320, 159 N. W. 2d 271, 274 (1968). While the circumstances of the parties are an important factor, the central and overriding consideration in determining the question of a change in custody is the child's welfare and best interests. In arriving at that determination, the court should review all relevant factors to determine whether the change of custody is warranted. Further, it is not necessary that a determination be made that either parent is unfit to have custody.

We have examined the evidence supporting the order changing custody of Ross from the mother to the father. The trial court obviously placed considerable weight on the report of the probation officer and the custodial preference of Ross himself, who expressed a strong desire to be in the custody of his father. We have frequently stated that the custodial preference of a child capable by reason of age and intelligence of expressing a pref-

erence is entitled to weight in determining which of the parents is to be awarded custody. State ex rel. Feeley v. Williams, 176 Minn. 193, 222 N. W. 927 (1929); State ex rel. Neib v. Krueger, 143 Minn. 149, 173 N. W. 414 (1919). See, also, State ex rel. Waslie v. Waslie, 277 Minn. 446, 152 N. W. 2d 755 (1967).

The trial court found that the mother is "not physically or emotionally equipped to cope with a teenage boy on a day-to-day basis." He agreed with the probation officer that Ross does not relate to his mother and that there is a "terrible failure of communication" between them. The trial court concluded that the mother appears to be incapable of providing for the psychological and emotional needs of the child.

We are thoroughly in agreement with the trial court that "[t]o determine what is in the best interest of a child requires a value judgment that is perhaps the most difficult of all the judgments [a] Court must make." However, considering the record as a whole, we hold that the trial court correctly exercised its discretion in determining that it was in the best interests and welfare of Ross that his custody be changed from the mother to the father.

Defendant argues that the trial court should be bound by the findings of the referee unless those findings are clearly erroneous. The Ramsey County Family Court referees are provided to assist the judge of the Family Court Division. Minn. St. 484.64, subd. 3. The trial judge must be completely free to exercise his judgment and discretion. For that reason we see no merit in defendant's contention.

Affirmed.