LeRoy Leonard BERNDT, Petitioner,
Appellant,

v.

Leona Evelyn BERNDT, Respondent.

No. 50275.

Supreme Court of Minnesota.

April 11, 1980.

Dailey & Kennedy, and Michael H. Kennedy, Mankato, for appellant.

Janet Dolan, Southern Minnesota Regional Legal Services, Mankato, for respondent.

Heard before SHERAN, C. J., KELLY and SCOTT, JJ., and considered and decided by the court en banc.

SHERAN, Chief Justice.

This is an appeal from a judgment of a three-judge district court panel of the First Judicial District amending the findings of fact, conclusions of law and order for judgment entered by the Le Sueur County

Court with respect to child custody in a marriage dissolution. We affirm.

Petitioner LeRoy Leonard Berndt and respondent Leona Evelyn Berndt are the parents of a child Nichole who was born on October 1, 1976. After their marriage, the parties, together with respondent's son Robert, then eight years of age, first lived at Madison Lake, Minnesota, but later moved to the farm of petitioner's mother, Aletta Berndt, in Le Sueur County near Elysian, Minnesota. In July 1978, respondent and the two children moved to Waseca, Minnesota where they were residing when petitioner instituted this action for divorce and custody of his minor daughter.

Although respondent was granted temporary custody of Nichole, the trial court ultimately awarded custody to the petitioner, LeRoy Leonard Berndt, because, in the court's view, the father could provide a more stable home for the child. It was this determination of the trial court that was reversed on appeal by a three-judge district court panel.[1] Upon application of petitioner, the district court panel decision is before us for review. In our opinion, the determination of the district court panel should be affirmed, although we recognize that the decision of the trial court in matters such as this is entitled to considerable deference. *See In re Appeal of O'Rourke*, 300 Minn. 158, 220 N.W.2d 811 (1974); *Rosenfeld v. Rosenfeld*, 311 Minn. 76, 249 N.W.2d 168 (1976).

The following considerations move us to concur with the decision of the three-judge district court panel:

■ 1. Although the evidence indicates that both LeRoy Leonard Berndt and Leona Evelyn Berndt would be suitable custodians for Nichole, Leona Evelyn Berndt has been the primary parent since the child's birth on October 1, 1976. There is nothing in the record to suggest that during this three and one-half year period Leona Evelyn Berndt has in any way failed to give the child suitable care and affection. The

intimacy of the relationship between parent and child to be assumed under such circumstances should not be disrupted without strong reasons which relate specifically to the parent's capacity to provide and care for the child.

2. The mechanics of visitation, we believe, could be handled more effectively with Nichole in the custody of her mother than were she to be living permanently in the home whose circumstances the mother found so unacceptable as to compel her to leave.

■ 3. Respondent's previous behavior, which, in the trial court's opinion, demonstrated a lack of stability or judgment on her part, has no bearing on Leona Evelyn Berndt's present capacity to provide for the physical and emotional needs of her daughter and was improperly considered by the trial court in reaching its custody decision.

■ 4. Respondent's employment record, considered in light of her family responsibilities and occasions of stress, is not subject to criticism.

■ The parties accept the principle that the ultimate test in all custody cases is the best interests of the child. Minn.Stat. § 518.17, subd. 1 (1976); *Rosenfeld v. Rosenfeld*, 311 Minn. 76, 249 N.W.2d 168 (1976); *LaBelle v. LaBelle*, 296 Minn. 173, 207 N.W.2d 291 (1973). We agree with the three-judge district court panel that the best interests of Nichole Berndt will be served by placing custody with her mother, Leona Evelyn Berndt.

Affirmed.

---

1. The three-judge district court panel stayed the grant of custody to petitioner. Thus, throughout the entire proceedings the child has been living with her mother and Robert.