In re the Marriage of: **Michael Scott WEATHERLY, petitioner, Respondent,**

v.

**Rhonda Jane WEATHERLY, Appellant.**

**Nos. CX-81-1389, C2-82-263.**

Supreme Court of Minnesota.

March 25, 1983.

Dingle, Suk, Wendland & Walters and Ruth Ann McCaleb, Rochester, for appellant.

Hunt, DeVinny, Young & Smith and Richard J. Smith, Rochester, for respondent.

WAHL, Justice.

Appellant Rhonda Weatherly seeks discretionary review of a district court panel decision which affirmed a trial court award of the parties' son, Kevin, then 2 years old, to respondent Michael Weatherly. Because the trial court erroneously applied the statutory criteria to be used in determining the child's best interests, we reverse.

Appellant and respondent began dating in high school and married when appellant became pregnant. She was 16 and he was 18 years old at the time. Their son Kevin was born on March 3, 1979. Appellant quit school in the tenth grade and became the primary caretaker of Kevin while respondent finished high school and thereafter took a full-time job as a forklift operator.

When the parties separated in October 1979, respondent took Kevin and moved into his parents' home. He filed for divorce the following month and the parties were awarded joint custody of Kevin, with physical custody in respondent. Kevin was placed in day care while his father worked. Respondent retained custody until August 1980, when, pursuant to the suggestion of a child custody investigator, appellant took custody so the investigator could observe her parenting skills over an extended period. The investigator later filed an exhaustive custody report together with a clinical psychologist's report and a chemical dependency report.

Trial on the custody issue was held on January 30, 1981, after which respondent was granted permanent custody on February 13, 1981. Six weeks later, appellant notified county authorities that Kevin, bruised over his entire buttocks, appeared to have been physically abused. Subsequent investigation by Social Services revealed that respondent's sister and respondent had each spanked Kevin a few days prior to the time appellant noticed the bruising. The court in a dependency proceeding concluded that respondent's sister had abused Kevin and ordered, inter alia, that she not be allowed to babysit him. Because of these proceedings, appeal of the custody award was stayed for 65 days. A three-judge district court panel upheld the custody award, with one judge dissenting. The author of the opinion noted that, had he been the trial judge, he would have awarded custody to the mother. He concluded, however, that the trial court acted within its discretion.

A trial court has broad discretion in awarding child custody pursuant to dissolution proceedings. *Peterson v. Peterson,* 308 Minn. 365, 242 N.W.2d 103 (1976). The applicable statute, however, requires that a grant of custody be based on the best interests of the child. Minn.Stat. § 518.17, subd. 1 (1982). The record in this case does not support a conclusion that Kevin's best interests will be served by a grant of custody to respondent.

The trial court memorandum disregarded all evidence which reflected negatively on respondent and dismissed as "situational" respondent's irrational and hostile behavior toward appellant and the entire custody situation. It also disregarded two professional evaluations of respondent's chemical dependency which had recommended at least out-patient treatment of respondent's current dependency. Despite substantial evidence of respondent's emotional instability and chemical dependency, the trial court concluded that respondent was the more stable person because he had held a job for one year. Job stability in this case, however, is not indicative of respondent's emotional stability in the context of the parent-child relationship. The court concluded that respondent would become less hostile and would gain more competence in child care as time passed.

The trial court's perception altered, however, when viewing the evidence concerning appellant. The court focused on appellant's past immaturity, discounted the progress she had made since, and foresaw a bleak future for appellant as a solo parent.

The court found nothing "situational" about immaturity in a 16-year-old girl who must simultaneously fill the roles of wife, employee, student, and primary caretaker of an infant child. It dismissed the conclusions of the child custody investigator that appellant had matured greatly and that she was the more stable of the two parents. Instead, the court hypothesized that appellant was able to exhibit more maturity because she had developed a relationship with a man. It concluded that appellant's frequent change of jobs exhibited inconsistency. This conclusion was inappropriate, first because job instability, if leaving low-paying part-time jobs was that, has no bearing on appellant's ability to care for her son, and second because her record cannot be compared to respondent's. *Berndt v. Berndt,* 292 N.W.2d 1, 2 (Minn.1980). Moreover, the court discounted the fact that she had completed her G.E.D. ahead of her class while caring for her infant son and working part-time. The court gave no weight to appellant's plans for further education and considered only the unfavorable aspects of her past.

The court ignored evidence that, while in appellant's custody, Kevin had thrived and visitation had gone smoothly for the first time. It also ignored evidence that appellant had been the primary caretaker of Kevin before the parties' separation and was the party most adept at parenting. Although Kevin was in respondent's custody for 9 months, he was placed in day care while respondent worked full-time. Kevin also spent two evenings a week and every other weekend with appellant during those months. Conversely, appellant cared for Kevin almost full-time for the 12 months during which she was responsible for him. We have recently stated a preference for granting custody to the primary caretaker. *Id.,* 292 N.W.2d at 2. Further, expert evaluations found no symptoms of chemical dependency in appellant.

■ Finally, the court failed to apply other relevant statutory criteria which would have weighed in favor of appellant. First, the court was charged with consideration of the "interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interests." Minn.Stat. § 518.17, subd. 1(c). There was considerable evidence that respondent was a source of friction between Kevin and appellant and her boyfriend. He took Kevin with him while "investigating" appellant's conduct and made frequent unsubstantiated charges against her regarding treatment of Kevin. Visitations had been explosive while respondent had custody but were handled more smoothly when appellant was in charge.

A second relevant factor for consideration in this case was the "capacity and disposition of the parties to give the child love, affection and guidance." Minn.Stat. § 518.17, subd. 1(h). While both parents gave the child love and affection, it was apparent from the record that appellant

had a greater capacity to effectively discipline and teach Kevin than did respondent. Had the trial court applied the relevant statutory criteria, the evidence on those factors would have compelled a conclusion that Kevin's best interests were served by granting custody to his mother.

The trial court's evidentiary conclusions concerning the emotional stability of the parents were made against the weight of the relevant evidence. The grant of custody to respondent was not in the best interests of the child as the statute requires.

Reversed.

KELLEY, J., took no part in the consideration or decision of this case.