**In Re the Marriage of Mary Jane TOVSLAND, Petitioner, Respondent,**

v.

**Paul Martin TOVSLAND, Sr., Appellant.**

**No. C4-84-950.**

Court of Appeals of Minnesota.

Dec. 4, 1984.

Valerie K. Doherty, Minneapolis, for respondent.

Babcock, Locher, Neilson & Mannella, Gary T. LaFleur, Anoka, for appellant.

Heard, considered and decided by FOLEY, P.J., WOZNIAK and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Respondent Mary Tovsland commenced a dissolution of marriage proceeding in January 1983, and a temporary hearing was held on February 3, 1983. Appellant Paul Tovsland, Sr. did not appear either in person or by counsel at this hearing.

A default hearing was held on December 22, 1983, and judgment was entered on December 29, 1983. Appellant Paul Tovsland appeals from an order of the trial court dated May 8, 1984, denying his request for a new trial or vacation of a default judgment. We affirm.

## FACTS

The parties had been married more than 18 years and had two children, ages 16 and 17. The dissolution proceedings were commenced on January 24, 1983, when Paul Tovsland was served with the initial pleadings. A notice of motion of a temporary hearing on February 3, 1983 was served on Paul but, he failed to answer or make any appearance.

A default hearing was held on December 22, 1983. Mary was the sole witness and testified on the assets and indebtedness of the parties.

The trial court granted custody of the two children to Mary, ordered Paul to pay child support in the sum of $345 per month, awarded all right, title and interest of the parties' homestead to Mary, and awarded to each party the personal property in his or her possession. The trial court also listed the debts which each party was to assume. Judgment was entered on December 29, 1983.

On January 25, 1984, Paul moved for a new trial or vacation of the default judgment. By order dated May 8, 1984, the trial court denied Paul's motions. The court, however, amended the original judgment so that Paul was only paying child support for one child. The court reserved support for the second child, it being uncertain whether she was, in fact, emancipated. Paul appealed.

### ISSUES

1. Did the trial court abuse its discretion by denying appellant's motion for a new trial?

2. Did the trial court abuse its discretion by denying appellant's motion to vacate the judgment?

### ANALYSIS

#### I

First, Paul argues the trial court abused its discretion by not awarding a new trial. A new trial may be granted for any of the causes included in Minn.R.Civ.P. 59.01 and such grant is "largely addressed to the discretion of the trial court." *Hertz v. Hertz*, 304 Minn. 144, 146, 229 N.W.2d 42, 44 (1975). Paul has not shown there were irregularities in the proceedings below, misconduct by Mary, or errors committed by the trial court.

Paul argues he was misled by Mary, who allegedly told him not to be concerned with the Petition or Temporary Order. He contends there was an excusable delay for not answering the complaint because he and his wife were trying to work things out. These arguments are more appropriate for reviewing the denial of a motion to vacate a default judgment, not for granting a new trial. The trial court did not find that the default judgment was procured by fraud or misrepresentation. Unfairness alone does not justify reversing a trial court's denial of a new trial.

> The inquiry of the appellate court should not be whether a new trial might properly have been granted, but whether the refusal of it involved the violation of a clear legal right or a manifest abuse of judicial discretion.

*Id.* As the trial court stated, "[t]o suggest that in the 10 months between that initial hearing and the final hearing he had no opportunity to protect his interest is absurd."

#### II

Paul also raises the issue of whether the trial court abused its discretion by refusing to vacate the default judgment. Paul originally appealed only from the order denying a new trial. That portion of the order refusing to vacate the default judgment is non-appealable. Minn. R.Civ.App.P. 103.03. Paul then filed a petition for discretionary review which this court denied as untimely. Therefore, the above issue is not properly before this court.

### DECISION

The trial court's denial of Paul's motion for a new trial was not a clear abuse of discretion.

Affirmed.