Alice Bowron ANDERSEN,
Petitioner, Respondent,

v.

Steven ANDERSEN, Appellant.

No. CX–84–1553.

Court of Appeals of Minnesota.

Jan. 15, 1985.

Daniel D. Reisman, Minneapolis, for respondent.

Patrick R. Burns, Primus Law Office, Minneapolis, for appellant.

Heard, considered and decided by PARKER, P.J., and SEDGWICK and LESLIE, JJ.

## OPINION

PARKER, Judge.

Pursuant to a 1981 dissolution judgment and decree, the parties received joint custody of their minor child. Because of continual conflict regarding the child's care, an evidentiary hearing was held before a referee in late 1983 to consider modification of the custody arrangement. The referee continued joint legal custody with a specific physical custody schedule. On review the district court vacated the referee's order and granted sole custody to the mother. The father appeals. We affirm.

## FACTS

The marriage of respondent Alice Andersen (Bowron) and appellant Steven Andersen was dissolved in August 1981. The parties were granted joint custody of their minor child, Marcy Ellen Andersen, born September 2, 1978.

Thereafter, communication between the parties deteriorated, and their relationship was marked by continual conflict about Marcy's care. During 1982 and 1983 the parties sought court assistance several times to settle custody and child support disputes. In late 1983 an evidentiary custody hearing was held before a referee, at which the custody arrangement was reviewed because of the problems the parties were experiencing in implementing the joint custody award. The referee's order continued the joint custody arrangement but established a specific custody schedule and restrained both parties from attempting to involve Marcy in the hostilities between them.

Alice petitioned for review by the district court, and a non-evidentiary hearing was held. The district court vacated the referee's order and amended the original judgment and decree, granting sole custody of Marcy to Alice and reasonable visitation rights to Steven. Steven appeals from the amended judgment.

## ISSUES

1. Did the trial court abuse its discretion in vacating the referee's order maintaining joint custody?

2. Did the trial court abuse its discretion in granting sole custody to the mother?

## DISCUSSION

### I

Under Minn.Stat. § 484.70, subds. 7(b), (c) (1982), referees may recommend orders and findings, subject to confirma-

tion by a judge. The scope of the district court judge's powers and duties on review were elucidated in *Peterson v. Peterson,* 308 Minn. 297, 304, 242 N.W.2d 88, 93 (1976):

> [W]e hold that all recommended findings and orders of a family court referee in custody matters are advisory only and possess no more than prima facie validity. The family court judge has the duty and retains the ultimate responsibility to make an informed and independent decision on the custody motion. Consistent with such duty and responsibility, the family court judge has * * * full authority to adopt the referee's recommended findings and order, modify them, reject them in whole or in part, recommit to the referee with instructions, or receive further evidence.

*See also LaBelle v. LaBelle,* 296 Minn. 173, 176, 207 N.W.2d 291, 293 (1973).

■ In contrast, the appellate court's scope of review is limited by the trial court's broad discretion in awarding child custody. *See, e.g., Kotila v. Kotila,* 351 N.W.2d 661, 662 (Minn.Ct.App.1984) (citing *Peterson v. Peterson,* 308 Minn. 365, 368, 242 N.W.2d 103, 106 (1976)). Its decision will not be set aside unless it was arbitrary or a clear abuse of discretion. *Id.*

Steven acknowledges the applicable scope of review but argues the law should be changed to provide deference to the judicial officer who actually hears the testimony and views the witnesses. We recognize the logic of Steven's argument; however, it is not within our authority to change the law in this area. Thus, we are bound to affirm the trial court in this case, absent arbitrariness or a clear abuse of discretion.

The relevant provisions of Minn.Stat. § 518.18(d) (1982) state that the trial court should not modify a prior custody order unless it finds:

> (1) that a change has occurred in the circumstances of the child or his custodian;
>
> (2) that the modification is necessary to serve the best interests of the child; and

> ■ the child's present environment endangers his physical or emotional health or impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

*See Chapman v. Chapman,* 352 N.W.2d 437, 440 (Minn.Ct.App.1984).

The threshold question is whether circumstances justified modification from joint to sole custody. Minn.Stat. § 518.17, subd. 2 (1982), sets forth factors to consider when joint custody is sought:

> (a) the ability of parents to cooperate in the rearing of their children;
>
> (b) methods for resolving disputes regarding any major decision concerning the life of the child, and the parents' willingness to use those methods; and
>
> (c) whether it would be detrimental to the child if one parent were to have sole authority over the child's upbringing.

■ It is abundantly clear that joint custody was not appropriate in this case. The transcript of the evidence presented before the referee fully supports the trial court's description of the joint custodial arrangement before the hearing:

> The parties demonstrate intense anger toward one another and continue to battle over any decision regarding Marcy's welfare. Despite counseling * * * problems continue to plague the joint custodial arrangement * * *. As it presently exists, the custodial arrangement creates an environment of instability so that Marcy often feels caught in a tug-of-war between her parents, which is aggravated by the "joint" rights of her parents. * * * As a result, the child feels insecure in the love and involvement of both parents.

Thus, the trial court was justified in concluding that joint custody endangered Marcy's emotional health and development.

## II

■ The trial court then evaluated the evidence to decide which party should have sole custody and decided in Alice's favor. Steven argues the evidence does not sup-

port the trial court's decision and its findings were erroneous. The trial court did partially misstate the evidence in finding that Mindy Mitnick, a psychologist who evaluated Marcy, recommended that Alice be granted sole custody of Marcy. However, Mitnick did recommend sole custody and was more favorable to Alice than Steven. Thus, we do not find reversible error.

Other factual "errors" Steven assigns to the trial court really are expressions of Steven's disagreement with the court concerning which version of the facts it chose to believe. These findings are well within the court's discretionary power.

The record indicates that neither party is perfect, and both have exercised poor judgment at times in their dealings with Marcy. However, on the basis of our authority, we cannot find clear error. The record contains reports from a number of experts that support the trial court's decision. Moreover, it is obvious the trial court studied the evidence with considerable diligence. The court's memorandum of law indicates a thorough understanding of the facts and law which resulted in a thoughtful decision. Where, as here, the record indicates diligent study by the trial court of all available information, we will give deference to its decision.

## DECISION

We affirm.