In re the Marriage of Steven W.
HEMINGSEN, Petitioner,
Respondent,

v.

Cindy Lou HEMINGSEN, Appellant.

No. C2–86–319.

Court of Appeals of Minnesota.

Sept. 23, 1986.

Review Denied Nov. 17, 1986.

Brian L. White, Franta & White, Wabasso, for respondent.

Margaret K. Erickson, Worthington, for appellant.

Heard, considered, and decided by POPOVICH, C.J., and WOZNIAK and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Cindy Hemingsen appeals from the decree of dissolution granting custody of the parties' two minor children to respondent, Steven Hemingsen. She also appeals from the court's order denying her motion for a new trial or for amended findings. We affirm.

## FACTS

The parties were married in 1977 and have two children, Brent, born July 21, 1979, and Scott, born March 28, 1981. Both children are diagnosed as special needs children. During the marriage, respondent operated a table saw for Jonti Craft in Wabasso. Appellant was a homemaker. She briefly did in-home day care and she worked for six months as a waitress. She was forced to quit due to back problems. She is now unemployed and receives general assistance.

Following a hearing on April 28, 1985, the trial court granted respondent temporary custody of the children, based on allegations that appellant had physically

abused the children.[1] Under cross-examination appellant admitted pulling the children's hair and kicking them. Appellant also testified that respondent had abused the children. Appellant had been seeing a psychologist and had attended Al-anon for a short period of time. The court, on September 12, 1985, without a hearing, granted respondent's motion to restrict appellant's visitation rights.

The custody hearing was held November 12 and 15, 1985. The social worker testified that both parties were fit parents, that appellant was the primary caretaker prior to the temporary order giving respondent custody, and that the children would be better off in appellant's custody. The social worker interviewed appellant's therapist and reported that appellant suffered from depression and stress following the separation, but that these symptoms were "situational and not clinical." The therapist also reported that appellant exhibited "no evidence of mental disturbance or personality disorder." He recommended custody in appellant.

At the hearing, respondent presented witnesses who saw appellant slap Brent on the face. Appellant admitted this and other abusive behavior.

The trial court awarded custody to respondent, finding:

That [respondent] is a fit and proper person to have the care, custody and control of the minor children of the parties, to-wit: Brent Steven Hemingsen and Scott Lee Hemingsen, and that it was in the best interests of the children that [respondent] be granted their temporary and permanent care, custody and control, subject to visitation rights in [appellant], supervised by the Redwood County Welfare Department until at such time as the Redwood County Welfare Department or a subsequent county welfare department determines otherwise. That since [respondent] has had temporary custody of the minor children of the parties, he has created a custodial environment with nurturing and stability

and has been the primary caretaker of the children during these proceedings and prior thereto shared the caretaking responsibilities with the respondent.

Appellant moved, post trial, for amended findings or a new trial, claiming that the court had not applied the rule of *Pikula v. Pikula*, 374 N.W.2d 705 (Minn.1985). The trial court denied appellant's motions and, in a memorandum, stated:

Temporary custody of the minor children of the parties was granted to [respondent] by Order of this Court dated April 8, 1985, in that the Court found it to be in the best interests of the children during the pendency of the dissolution proceedings. During this period of time until the final hearing on the dissolution proceedings held on November 12th and 15th, 1985, [respondent] had created a custodial environment to the children with the nurturing and stability required of a permanent home, much in the nature that [respondent] participated in with the [appellant] during their marriage. Prior to the temporary Order, it could not be said [appellant] was the primary caretaker in that the evidence showed both parties participated in the caretaking responsibilities. The Court considered the requirements set forth in M.S.A. 518.17 in determining which parent would, in the best interests of the children, be selected as the custodial parent. * * * The Court made this decision being fully aware of *Pikula v. Pikula* * * *.

Appellant timely appealed from this order and from the judgment and decree.

## ISSUE

Did the trial court properly award custody of the parties' children to respondent, after finding that both parties participated in caretaking responsibilities?

## ANALYSIS

Appellate review of custody determination is limited to whether the trial court

---

1. Both of appellant's parents signed affidavits     testifying that appellant abused the children.

abused its discretion by making findings unsupported by the evidence or by improperly applying the law. *Weatherly v. Weatherly*, 330 N.W.2d 890 (Minn.1983); *Berndt v. Berndt*, 292 N.W.2d 1 (Minn. 1980). The trial court's findings must be sustained unless clearly erroneous. *Id.*

Appellant argues that the court erred in awarding custody of the children to respondent. She claims that the court's finding that the parties shared the caretaking responsibilities is not sufficient basis, under *Pikula*, to award custody to respondent, absent a finding that she is an unfit parent.

Respondent agrees that he did not unquestionably qualify as the primary caretaker, but points out that the trial court made a specific finding that respondent was not the primary caretaker and that both parties participated in the "caretaking responsibilities." In addition, he argues that evidence of appellant's emotional problems, her use of excessive physical discipline, and her use of vulgar language around the children support the trial court's decision that the best interests of the children lie in his having custody.

The best interests of the children are to be taken into consideration in determining which parent is appropriate for custody. Minn.Stat. § 518.17, subd. 1 (1984). Addressing this issue, the *Pikula* court noted

> when the evidence indicates that both parents would be suitable custodians, the intimacy of the relationship between the primary parent and the child should not be disrupted "without strong reasons which relate specifically to the [primary] parent's capacity to provide and care for the child." *Berndt v. Berndt*, 292 N.W.2d at 2. Awarding custody to the non-primary parent without such strong reasons, when the primary parent has given the child good care, may constitute reversible error.

*Pikula v. Pikula*, 374 N.W.2d at 711.

■ Here the trial court did not find both parents to be suitable custodians. It found respondent to be the "fit and proper parent" to have custody of the children. During the pendency of the proceedings,

the court also found it necessary to restrict appellant's visitation rights. In the post-dissolution order denying appellant's motions for amended findings or a new trial, the court stated:

> Prior to the temporary Order, it could not be said respondent was the primary caretaker in that the evidence showed both parties participated in the caretaking responsibilities. The Court considered the requirements set forth in M.S.A. 518.17 in determining which parent would, in the best interests of the children, be selected as the custodial parent. The Court concluded in reviewing the requirements set forth in M.S.A. 518.17 the evidence adduced at the hearing clearly indicated the petitioner to be the parent who, in the best interests of the children, should serve as the custodial parent. The Court made this decision being fully aware of *Pikula vs. Pikula*, * * *. Consequently, considering all of the evidence, the Court's decision as to the custodial parent must remain as ordered by this Court in its Findings of Fact, Conclusions of Law and Order for Judgment dated November 27, 1985.

Here, where the court did not make a finding as to who was the primary caretaker, but rather found that both parties shared the children's upbringing and went on to indicate that the court was interested in acting in the best interests of the children, we cannot say that the trial court abused its discretion in awarding respondent custody. The court's decision is supported by the evidence in the record indicating that appellant abused her children.

In post-trial motions of record, the trial court found substantial evidence that appellant's emotional problems could pose a danger of physical and emotional harm to the children. In addition, on at least one occasion, appellant has threatened suicide.

On the other hand, the trial court found that respondent provided stability for the children.

The intimacy of the relationship between parent and child to be assumed under such circumstances should not be dis-

rupted without strong reasons which relate specifically to the parent's capacity to provide and care for the child. *Berndt,* 292 N.W.2d at 2.

 We note that one of the factors indicated by the court, that respondent created a "custodial environment" for the children *after* issuance of the temporary order, is not a factor properly considered under *Pikula* in determining custody. The proper period of time at which the court should look in making its decision is the time during the marriage. The record is satisfactory that the court did examine the relationship between the children and both parents during the marriage.

While we affirm the trial court's decision, we note the lack of specific factual findings. While inclusion of more of the *Pikula* criteria would aid appellate review, on balance, we hold the record is adequate and affirm. Trial courts should, in the future, include the specific *Pikula* criteria in findings in their orders determining custody when custody is in dispute.

### DECISION

Where the court made a finding that neither parent was the primary caretaker and that the best interests of the children are served by awarding custody to the respondent, we cannot say that the trial court abused its discretion.

Affirmed.