In re the Marriage of August
H. SCHUMM, Petitioner,
Respondent,

v.

Brenda L. SCHUMM, Appellant.

No. C5–93–1564.

Court of Appeals of Minnesota.

Dec. 28, 1993.

Perry A. Berg, Patton, Hoversten & Berg, P.A., Waseca, for respondent.

Charles H. Thomas, Law Offices of Southern Minnesota Regional Legal Services, Inc., Mankato, for appellant.

Considered and decided by NORTON, P.J., and LANSING and FORSBERG, JJ.

## OPINION

LANSING, Judge.

This custody appeal raises issues on the adequacy of findings on the factor of the mother's mental health and the exercise of the court's discretion in placing custody with the father. The trial court's detailed findings are supported by the record and meet the requirements that apply to factors listed in Minn.Stat. § 518.17, subd. 1(a). We affirm.

## FACTS

Brenda and August Schumm are the parents of two children, ages 12 and 9. Both parents actively cared for the children when the children were young, but Brenda Schumm has had primary responsibility for the children since 1985 when August Schumm began working as an over-the-road truck driver. Both parents are currently employed and maintain a close relationship with the children.

Brenda Schumm has a major mood disorder and a history of vascular headaches, both of which have interfered with her ability to function. She has encountered problems with slurred speech, falling asleep at unusual times, and dropping lighted cigarettes on the floor. She has expressed a fear of crossing the center line while driving and in September 1991 ran into another car while driving with one of the children. She has received ongoing medical care and medication to deal with her mood disorder and headaches. In February 1992 she began to take lithium, and her mental health has improved.

As part of the custody study, Brenda Schumm participated in a chemical dependency evaluation. This evaluation noted potential chemical dependency and recommended a more intensive evaluation. Schumm indicated she did not have the financial resources to obtain the additional evaluation. There was also evidence at trial that Schumm's use of medication containing codeine has created problems. Schumm lost her L.P.N. license and two jobs because of failure to properly account for medication.

Schumm's doctor has now prescribed headache medication that does not contain codeine.

The custody evaluator recommended that August Schumm have physical custody of the children. August Schumm has transferred from over-the-road driving to a day job to provide a stable home for the children. He has arranged for after-school child care with his brother's family. His brother's children are close in age to his younger child and they enjoy spending time together. The trial court granted sole physical custody to August Schumm. Brenda Schumm appeals both the judgment and the denial of her posttrial motions.

## ISSUES

I. Did the trial court abuse its discretion by making unsupported or inadequate findings?

II. Is a new trial or remand required to allow additional or updated testimony?

## ANALYSIS

### I

A child's best interests serve as the focal point in custody decisions. Minn.Stat. § 518.17, subd. 1(a) (1992); *Berndt v. Berndt,* 292 N.W.2d 1, 2 (Minn.1980). In considering a child's best interests, the trial court must make findings reflecting the trial court's consideration of the statutory factors listed in Minn.Stat. § 518.17, subd. 1(a). *Rosenfeld v. Rosenfeld,* 311 Minn. 76, 83, 249 N.W.2d 168, 171–72 (1976). The court may not use one factor "to the exclusion of all others," and, although the "primary caretaker factor" is significant, it cannot be used as a presumption in determining a child's best interests. Minn.Stat. § 518.17, subd. 1(a). An appellate court will not reverse a custody determination unless the trial court has abused its discretion by setting forth findings that are unsupported by the evidence or by improperly applying the law. *Pikula v. Pikula,* 374 N.W.2d 705, 710 (Minn.1985).

Brenda Schumm argues both that the findings do not satisfy the statutory requirements and that they are unsupported by the

evidence. Her challenge to the adequacy of the findings focuses on the specific language added to the mental and physical health factor of Minn.Stat. § 518.17, subd. 1(a)(9) in 1992. This new language requires consideration, if relevant, of "the mental and physical health of all individuals involved" and states that "a disability, as defined in section 363.01, of a proposed custodian * * * shall not be determinative of the custody of the child, unless the proposed custodial arrangement is not in the best interest of the child * * *." *Id.*

Minnesota law defines disability as "any condition or characteristic that renders a person a disabled person." Minn.Stat. § 363.01, subd. 13 (1992). This section defines a disabled person as "any person who (1) has a physical, sensory, or mental impairment which materially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment." *Id.*

■ Brenda Schumm's mental health problems raise a prima facie case of disability under Minn.Stat. § 363.01, subd. 13. Brenda Schumm was unable to work for several years as a result of depression. *See Bauer v. Republic Airlines,* 442 N.W.2d 818, 820–21 (Minn.App.1989), *pet. for rev. denied* (Minn. Aug. 25, 1989) (indicating that a disability that substantially interferes with the ability to work may constitute a disability under chapter 363).

■ The trial court made detailed findings on all statutory factors, including the children's preferences, the children's relationship with their parents, the children's primary caretaker, and the children's integration into home, school, and community. The trial court also made findings on Brenda Schumm's major mood disorder, her positive response to lithium, and her vascular headaches, which can last two to three days and prevent her from most activity. The trial court found that Brenda Schumm was under the care of a psychiatrist, that she was improving with treatment and had a good prognosis, and that she would need ongoing treatment to maintain improvement. The trial court also made findings on Brenda Schumm's possible chemical dependency, her

September 1991 car accident, and her problems of falling asleep while talking or while smoking cigarettes.

The trial court addressed the effect of Brenda Schumm's mental health on the children's best interests in a separate memorandum. The court indicated that there have been occasions when the two children "were their own caretakers as well as their mother's." The court also considered several examples of Brenda Schumm's inability to care for her children, and the children's concern for both their own safety and their mother's health and safety.

These findings satisfy the specific requirements of Minn.Stat. § 518.17, subd. 1(a). The findings directly address Brenda Schumm's disability and the effects of the disability on the children and their environment. *See Meyer v. Meyer,* 375 N.W.2d 820, 826 (Minn.App.1985) *pet. for rev. denied* (Minn. Dec. 30, 1985) (allowing trial court considerable discretion when weighing custody factors relating to physical and mental health). The court properly considered the disability only to the extent it was relevant to the best interests of the children. *See* Minn. Stat. § 518.17, subd. 1(a)(9).

The trial court's findings on Brenda Schumm's mental and physical health as well as the other statutory factors are supported by the record. An appellate court will affirm the trial court's findings unless clearly erroneous. *Pikula,* 374 N.W.2d at 710. The findings are not erroneous.

## II

■ Brenda Schumm asks this court to remand to allow the trial court to reopen the record for consideration of present circumstances. Only in unusual circumstances will a remand be made for current information. *See, e.g., Wopata v. Wopata,* 498 N.W.2d 478, 483–84 (Minn.App.1993) (remanding for consideration of present circumstances when the record had closed over two years before appellate consideration of case). The record in this case closed approximately one year ago. The trial court's findings reveal that it considered all of the evidence submitted, includ-

ing current information on Brenda Schumm's mental health.

This case has received expedited review because of the importance of dealing with child custody determinations in a prompt fashion. *See* Minn.App.Spec.R.Pract. 1. The record must close at some point to provide parties and children with a sense of resolution in their lives. The trial court denied Brenda Schumm's motion for a new trial. The decision not to grant a new trial or allow additional evidence was within the trial court's discretion. *See Tovsland v. Tovsland,* 358 N.W.2d 700, 702 (Minn.App. 1984) (a trial court has substantial latitude in deciding whether to grant a new trial).

### DECISION

The trial court made detailed findings supported by the record on the statutory factors, including Brenda Schumm's mental health, and determined that awarding August Schumm physical custody is in the best interests of the children. We affirm.