Meredith Louise SILBAUGH,
Petitioner, Appellant,

v.

John Gerald SILBAUGH, Respondent.

No. C0–94–1739.

Supreme Court of Minnesota.

Feb. 16, 1996.

Nancy Zalusky Berg, Minneapolis, for appellant.

Robert J. Hajek, Minneapolis, for respondent.

## OPINION

GARDEBRING, Justice.

This case requires us to clarify the standard for removal of children to another state when the noncustodial parent opposes the move. John and Meredith Silbaugh were divorced on November 13, 1991. The parties stipulated to joint legal custody of their two minor children with primary physical custody awarded to Meredith Silbaugh. John Silbaugh was awarded liberal visitation which he has exercised consistently since the divorce. Pursuant to the judgment and decree and Minn.Stat. § 518.175, subd. 3 (1992), neither parent could change the residence of the children from Minnesota without prior consent of the other parent or court order. Further, the judgment and decree provided that John Silbaugh could not interfere with recommended dental and medical care for the children, and if disputes on medical issues arose, the parties were to resolve them through mediation or litigation. John Silbaugh remarried in October 1992.

Meredith Silbaugh notified her ex-husband in April 1994 that she wished to relocate to Arizona with the children. John Silbaugh opposed the move and the parties sought mediation to resolve the issue. The media-tion attempt failed and Meredith Silbaugh sought court authorization for removal and modification of visitation. Meredith Silbaugh stated that she had a career opportunity in Arizona that had the potential for a better lifestyle for herself and her children. She and her fiance had purchased a home in Arizona, as well as a lake cabin in Minnesota. She proposed an alternative visitation schedule that included her return to Minnesota during the summer months to accommodate extended visitation for the children with their father.

John Silbaugh requested an evidentiary hearing on his opposition to removal. In the alternative, he sought modification of physical custody, making him primary custodian should his ex-wife leave the state. He presented his own affidavit, as well as several affidavits from family members and friends, in support of his motion. In his own affidavit, he made allegations of alcohol abuse by Meredith Silbaugh and her fiance and voiced concern for the welfare of his children, if they were to move to Arizona.

As additional support for his motion, John Silbaugh submitted a report prepared by Dr. Charles Cutler, a licensed psychologist, addressing the potential effects the move might have on the children. The report was compiled without Meredith Silbaugh's knowledge or participation. It was the result of one visit with each child and interviews only with John Silbaugh and his new wife. The report opposed removal of the children from Minnesota as not being in their best interests.

After reviewing all of the evidence, the trial court denied John Silbaugh's request for an evidentiary hearing and granted Meredith Silbaugh's motion for removal. The court disregarded the psychologist's report as contrary to the terms of the custody decree as well as inconsistent with the "customary and ethical practice" of custody evaluations.

On appeal, the court of appeals remanded the case to the trial court for an evidentiary hearing. Conceding the case was close, the court of appeals determined the trial court had abused its discretion in refusing an evidentiary hearing and in disregarding the psychologist's report as corroborating evidence

of John Silbaugh's concerns. Meredith Silbaugh now challenges the granting of an evidentiary hearing and the receipt of Dr. Cutler's report.

■ Appellate review of removal and custody modification cases is limited in nature. In *Pikula v. Pikula*, 374 N.W.2d 705 (Minn. 1985), this court said, "[a]ppellate review of custody determinations is limited to whether the trial court abused its discretion by making findings unsupported by the evidence or by improperly applying the law." *Id.* at 710 (citing *Weatherly v. Weatherly*, 330 N.W.2d 890 (Minn.1983); *Berndt v. Berndt*, 292 N.W.2d 1 (Minn.1980)).

■ Initially, we consider the issue of the psychologist's report. In *Reinhardt v. Colton*, 337 N.W.2d 88 (Minn.1983), this court stated, "the exclusion of expert medical testimony lies within the sound discretion of the trial court, and its ruling will not be reversed unless it is based on an erroneous view of the law or it constitutes an abuse of discretion." *Id.* at 93 (citing *Walton v. Jones*, 286 N.W.2d 710, 713 (Minn.1979); *Kinning v. Nelson*, 281 N.W.2d 849, 854 (Minn.1979)).

■ The report submitted by Dr. Cutler was made without the knowledge or consent of Meredith Silbaugh and was therefore arguably inconsistent with the provisions of the judgment and decree.[1] Furthermore, it was based on limited information and specifically did not address the factors of Minn.Stat. § 518.17, subd. 1(a) (1994), which must be considered in determining the best interests of the child. Because of the inadequacies of the report, the trial court was within its discretion in refusing to consider it.[2]

■ Next, we consider the decision of the trial court to deny John Silbaugh's request for an evidentiary hearing on the removal matter and to grant Meredith Silbaugh's motion authorizing removal. In *Auge v. Auge*, 334 N.W.2d 393 (Minn.1983), this court determined that Minn.Stat. § 518.18 (1994), governing modification of custody orders, created an implicit presumption that removal would be permitted. *Id.* at 397. Since then, we have extended this principle to instances in which the parents have joint legal custody, as in this case. *Gordon v. Gordon*, 339 N.W.2d 269, 271 (Minn.1983). To defeat that presumption, the party opposing removal must offer evidence which would establish that the removal is not in the best interests of the child *and* would endanger the child's health and well-being, *Sefkow v. Sefkow*, 427 N.W.2d 203, 214 (Minn.1988); Minn. Stat. § 518.18(d)(iii) (1994), or that the removal is intended to interfere with visitation, Minn. Stat. § 518.175, subd. 3 (1994). In *Auge*, we said "unless respondent can make a prima facie showing against removal, permission to remove may be granted without a full evidentiary hearing * * *." *Auge*, 334 N.W.2d at 396 (citing *Nice–Petersen v. Nice–Petersen*, 310 N.W.2d 471, 472 (Minn.1981)).

■ The affidavits submitted by John Silbaugh establish that he and his wife are people of good character who love, support and nurture the Silbaugh children. Further, the affidavits of John Silbaugh's siblings describe an equally loving extended family, which would experience a sense of loss if the Silbaugh children were to move elsewhere. John Silbaugh's own affidavit, along with that of a neighbor, expresses concern with regard to the drinking habits of Meredith Silbaugh and her fiance. The affidavit further alleges that Meredith Silbaugh's wish to relocate the residence of the children is intended to interfere with his visitation rights.

The court is mindful of the sense of loss and the worry experienced by noncustodial

1. John Silbaugh could have sought a court-ordered custody evaluation pursuant to Minn.Stat. § 518.167 (1994), but chose instead to proceed *independently.*

2. The trial court went on to note that, even taking into account the Cutler affidavit, the evidence submitted by John Silbaugh does not meet the prima facie standard necessary to trigger an evidentiary hearing. We agree. The Cutler affidavit portrays strong and loving relationships between the Silbaugh children and John Silbaugh and his new wife, but provides no information as to any potential problems in the home of Meredith Silbaugh. It could not do so, of course, because Dr. Cutler had no contact with Meredith Silbaugh. Further, it describes the kind of stress and anxiety inherent for children in any move to a new locality and diminution of contact with one parent. Under our case law, that is not enough.

parents who face the prospect that their children may move to another state and that their visitation arrangements may be significantly altered. However, our concern must be for the Silbaugh children and their need for a sense of stability in their familial arrangements. The statutes that spell out the procedure for a modification of custody manifest the legislature's preference for permanence and closure on custody matters, except under the most extraordinary circumstances, where changed circumstances endanger the child's physical or emotional health. Minn. Stat. § 518.18(d) (1995).

Any geographic change inevitably creates some anxiety for children, but evidence of the disruption typically associated with such a move is not sufficient to overcome the *Auge* presumption that removal is in the best interests of the children. Bare allegations of the type presented by John Silbaugh with regard to the alcohol use of Meredith Silbaugh and her fiance certainly cannot be said to rise to the level of establishing endangerment to the child's physical or emotional health. Such a showing would be necessary to support denial of Meredith Silbaugh's motion, because the denial would entail a modification of the original custody order. *Sefkow v. Sefkow,* 427 N.W.2d 203 (Minn.1988); Minn.Stat. § 518.18(d)(iii) (1994). Further, his allegation that Meredith Silbaugh's desire to move the children is intended to interfere with his visitation rights is otherwise unsupported by the record.

We note, finally, that the trial court is in a good position to establish a visitation schedule appropriate for the changed circumstances of the Silbaugh children. Such a visitation schedule may help to mitigate the difficulties associated with the change in residence.

In the absence of the prima facie showing necessary to trigger an evidentiary hearing on the motion for removal of the Silbaugh children, we reverse the decision of the court of appeals and reinstate the order of the trial court.

Reversed.