**In re the Marriage of Ruth J. KROENING, Petitioner, Appellant,**

v.

**Carl W. KROENING, Respondent.**

**No. C1-86-117.**

Court of Appeals of Minnesota.

July 22, 1986.

Ellen Dresselhuis, Minneapolis, for appellant.

David G. Roston, Minneapolis, for respondent.

Considered and decided by CRIPPEN, P.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Ruth Kroening appeals from a judgment and decree of dissolution. She challenges the trial court's awards of spousal maintenance and attorneys' fees, claiming that her maintenance award of $200 per month for approximately four and one-half years or until she remarries and her award of attorney's fees are inadequate and constitute an abuse of discretion.

We reverse on the award of attorney's fees and remand for findings on the issue of spousal maintenance.

## FACTS

Appellant Ruth Kroening and respondent Carl Kroening were married on October 21, 1950. The parties' marriage was dissolved in a judgment and decree entered on October 21, 1985. At the time of the dissolution, both parties were 57 years of age.

Prior to the parties' marriage, appellant attended one year of college and worked in clerical and secretarial positions. During the marriage, she worked primarily as a homemaker. In approximately 1975, she took a part-time job at a floral shop, working about 32 hours a week at a wage of $4.50 per hour. Shortly after the parties separated in 1981, appellant supplemented her income from the floral shop with income she earned from cleaning houses. In

August 1984, she left her job at the floral shop to do house cleaning on a full-time basis.

Appellant testified that her gross income in 1984 from her two jobs combined was approximately $8600, and that she expected to earn a gross income of $9600 in 1985 from her cleaning business alone. On cross-examination, she admitted that multiplying her $9.00 per hour cleaning fee by her target of 30 hours per week resulted in a yearly gross income of nearly $15,000. She cautioned, however, that she is not guaranteed 32 hours per week. The trial court found that her gross income in 1985 would be $9600. Appellant claims total monthly living expenses of $1500 to $1700.

Respondent is a teacher and state senator who testified that his gross income in 1985 would be $48,000 and his net income $22,000. The trial court found that Carl's estimated gross earnings in 1985 would be $48,311 and that his net monthly earnings would be $2400. Respondent claims $3027 in monthly expenses.

The parties' marital property was divided by stipulation as follows:

| Ruth Kroening | | | Carl Kroening | |
|---|---|---|---|---|
| Homestead | $68,000 | (equity) | Land and cabin | $ 8,000 |
| Payment from Carl | 39,000 | | Great West Annuity | 9,455 |
| | $107,000 | | Teacher's Retirement | 90,532 |
| | | | Legislative Pension | 38,051 |
| | | | Less payment to Ruth | (39,000) |
| | | | | $ 107,000 |

In light of the length of the parties' marriage, appellant's absence from the job market, and the respective earning capacities of the parties, the trial court awarded appellant $200 per month for spousal maintenance for four and one-half years or until she remarries. The trial court also awarded appellant attorney's fees in the amount of $900. Appellant claims the trial court's maintenance and attorney's fee awards constitute an abuse of discretion.

### ISSUES

1. Do the trial court's findings support its conclusion on the amount and duration of spousal maintenance?

2. Did the trial court abuse its discretion in awarding appellant less than half of her attorney's fees?

### ANALYSIS

### I.

Spousal maintenance is appropriate when a spouse lacks sufficient property to provide for reasonable needs considering the standard of living established during the marriage or is unable to provide adequate self-support considering all relevant circumstances. Minn.Stat. § 518.552, subd. 1 (Supp.1985). The parties agree that appellant qualifies for an award of maintenance under this subsection. The question raised by the parties centers on the amount and duration of an appropriate award of spousal maintenance.

Section 518.552, subdivision 2 directs the court to set the amount and duration of maintenance "after considering all relevant factors," including those specifically enumerated in this subdivision. In this case, the trial court considered several of the statutory factors. The court found, for example, that the parties were married in 1950 and determined that appellant was entitled to maintenance, in part because of the length of the parties' marriage. The trial court also considered appellant's absence from the job market and her diminished earning capacity resulting from that absence. In considering the present earning capacities of the parties, the trial court found that appellant's estimated gross income in 1985 would be $9600 and that respondent's estimated gross income in 1985 would be $48,311. In addition, the trial court's findings addressed the parties' ages. In short, the trial court's findings

address three of the statutory factors. *See id.* subd. 2(a), 2(d), 2(f).

Appellant contends that the $200 monthly maintenance award, coupled with her monthly income, is insufficient to meet her monthly living expenses. She argues that her earnings and maintenance provide less than one-half of her needs. She notes that she was awarded no liquid assets and thus asserts that she lacks sufficient property to provide her reasonable needs. In addition, appellant asserts that while her lifestyle has declined significantly, respondent has not experienced any appreciable sacrifice to the comfortable lifestyle established during the parties' marriage.

Respondent argues that $200 per month maintenance until 1990 is reasonable, especially in light of the $589 monthly payments appellant will receive starting in 1990 for the rest of her life. Furthermore, respondent notes that appellant is virtually debt-free, while he claims $3000 in monthly expenses and a total debt figure in the amount of $22,187. Because of his expenses, Carl argues he cannot pay more than $200 per month.

We are unable to respond to the assertions of the parties because we do not have findings for the relevant factors set forth in section 518.552, subdivision 2. Here the trial court did not address the needs of appellant and the needs of respondent. Moreover, the trial court's findings do not reveal a consideration of the parties' standard of living established during their 35–year marriage.

Particularized findings are necessary to show that relevant statutory considerations have been considered and to satisfy the parties that their case was fairly resolved by the family court. *Rosenfeld v. Rosenfeld*, 311 Minn. 76, 82, 249 N.W.2d 168, 171 (1976). Adequate findings further aid the appellate court in meaningful review. *Moylan v. Moylan*, 384 N.W.2d 859, 863 (Minn.1986). Because we cannot review the appropriateness of the trial court's maintenance award, we remand this case for findings consistent with this opinion.

The parties dispute whether the monthly payments of $589 that appellant will receive starting in 1990 are property or maintenance. In the parties' stipulation they were described as spousal maintenance, but the trial court also valued and considered them as equalizing payments in the division of property. We need not decide whether these payments are maintenance or property at this time. The issue of appellant's maintenance will be a different question in 1990 when the $589 monthly payments commence because the payments will necessarily alter her financial situation and her ability to meet her needs.

On remand, it will be the trial court's option to determine maintenance for the year 1990, based on projections of the parties' needs, property holdings, and other maintenance considerations. If the trial court prefers not to project into the future and make findings, the trial court also has the option of reserving the maintenance question for review in a future year.

## II.

Although appellant incurred $1912 in attorney's fees, the trial court awarded her $900 in attorney's fees. Appellant claims this was an abuse of discretion. She argues that because she received nonliquid assets under the property settlement and because of the financial disparity between the parties, the trial court's award of only $900 was an abuse of discretion. Respondent argues that an award of attorney's fees which is just slightly less than one-half of all fees incurred is well within the trial court's discretion.

Trial courts have broad discretion in awarding attorney's fees, and an award will not be disturbed absent a clear abuse of discretion. *Solon v. Solon*, 255 N.W.2d 395, 397 (Minn.1977). We will rarely reverse the trial court on this issue. *Rosenberg v. Rosenberg*, 379 N.W.2d 580, 587 (Minn.Ct.App.1985), *pet. for review denied*, (Minn. Feb. 19, 1986). The standard for

granting fees centers on a spouse's need for financial assistance to permit that spouse to obtain fair representation in the dissolution proceedings. *See Abuzzahab v. Abuzzahab*, 359 N.W.2d 329, 333 (Minn.Ct. App.1984).

The disparity in the financial circumstances of the parties is large. Appellant received nonliquid assets in the property settlement and has a fairly low earning potential. In contrast, respondent received liquid assets and has a high earning capacity. Due to these financial disparities, we conclude that this is one of those rare cases where the trial court abused its discretion in limiting the award of fees to appellant. *See Sefkow v. Sefkow*, 372 N.W.2d 37, 49 (Minn.Ct.App.1985). On remand, the trial court should award her $1912 in attorney's fees.

## DECISION

We are unable to review the trial court's maintenance award because of inadequate findings, and we therefore remand and direct the court to make findings consistent with this opinion. On remand the trial court may also determine maintenance for the year 1990 or reserve the issue for a later date. With respect to attorney's fees, we conclude that the trial court erred in awarding $900. Accordingly, we reverse on the issue of attorney's fees; on remand, the trial court is instructed to award appellant $1912.

Reversed in part and remanded.