In re the Marriage of LeVina G. CURREY, Petitioner, Appellant,

v.

Gordon G. CURREY, Respondent.

No. C6–86–419.

Court of Appeals of Minnesota.

Sept. 30, 1986.

to such a statute. *See Gordon* at 808.

Steven C. Youngquist, Youngquist & Wright, Rochester, for appellant.

Charles James Suk, Dingle, Suk, Wendland & Mellum, Ltd., Rochester, for respondent.

Heard, considered, and decided by RANDALL, P.J., and PARKER and HUSPENI, JJ.

## OPINION

RANDALL, Judge.

LeVina Currey appeals from an amended judgment and decree dissolving her marriage to Gordon Currey. She claims that the trial court abused its discretion by dividing the parties' property, by awarding her no maintenance, and by refusing to award her any portion of her attorney's fees. We affirm in part, reverse in part, and remand.

## FACTS

The parties were married in March 1945. They separated in October 1984. The dissolution was tried on August 5, 1985, when the appellant was 62 and respondent was 64 years old. All children of the marriage were adults. On January 31, 1986, the trial court entered an amended judgment and decree to distribute property mistakenly omitted from the original decree. In the original decree, the trial court had awarded appellant 71% of the property and respondent 29% of the property. The amended judgment and decree changed these figures to 57% to appellant and 43% to respondent. The trial court stated that this property division was in lieu of any maintenance otherwise due and awarded no maintenance.

The parties had been married for over forty years. They had owned an upholstery business for 21 of those years. The parties' business depended on the personal efforts of the respondent. Appellant also worked in the parties' upholstery business. Although she had no formal schooling and did not have a high-school diploma, appellant had provided 18 to 20 hours of bookkeeping services to the business each week and did occasional sewing at the business when needed. Appellant had also worked, off and on, as a bookkeeper or salesperson for other businesses.

In addition to her contribution to the business, appellant also did the cooking and washing for the parties and their children and took care of the house.

In October 1984 when the parties separated, respondent requested that the appellant turn over to him the books and all the records for the shop. Appellant testified that she did not seek employment after October 1984 because she was emotionally distressed as a result of the separation.

Although she testified that she did not think she could handle full-time employment due to arthritis in her back and hands, an eye problem, and the emotional stress of the situation, appellant had begun seeking employment before trial. She had not, however, found employment. Appellant claims that given her age, her education, and her employment history, it is unlikely that she could successfully support herself. No testimony from vocational experts was presented either for or against appellant's claim that she could not really support herself.

Appellant's only present income is $111 per month social security. That will increase to $300 to $400 per month upon respondent's retirement. Respondent has not set a firm date for his retirement, but is approaching age 65 and is eligible for social security if he choses.

The trial court made no specific findings as to respondent's income, which was disputed at trial. According to respondent's own figures, he nets $867 per month. Appellant claims that respondent's figure is deflated by personal expenses claimed as business expenses and by duplicate treatment of expenses as both personal and business. She also claims that the figures cited by respondent are not trustworthy because they show a recent drop in earnings although respondent was working longer hours. Respondent maintains that the figures are accurate.

## ISSUES

1. Did the trial court err in its division of the marital estate?

2. Did the trial court err by awarding no maintenance to appellant?

3. Did the trial court err by denying appellant's motion for attorney's fees.

## ANALYSIS

### I.

*Property Division*

Property and maintenance decisions will be affirmed unless the trial court abuses its broad discretion and reached "a clearly erroneous conclusion that is against logic and the facts on record." *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984).

The trial court is to make a just and equitable division of the marital property after making findings regarding the division of the property, taking into consideration

the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity

for future acquisition of capital assets, and income of each party.

Minn.Stat. § 518.58 (1984).

A trial court's division need not be mathematically equal to be just and equitable under the statute. *Johns v. Johns*, 354 N.W.2d 564, 566 (Minn.Ct.App.1984).

The trial court's amended judgment and decree awarded the appellant two thirds ($40,000) of the couple's homestead plus other property for a combined value of $68,989 (57% of the marital estate). The court awarded the respondent one third (worth $20,000) of the homestead, the business valued at $1,674, and other property and debts amounting to a total award of $51,389 (43% of the marital estate).

The supreme court has found that "[t]here must be a clearly erroneous conclusion that is against logic and the facts on record before this court will find that the trial court abused its discretion." *Rutten*, 347 N.W.2d at 50. The trial court found that although each party suffered from some ailments, the respondent was working in the family business and the appellant, although at the time unemployed, was not prevented by any health problems from seeking employment.

■ In view of the parties' ages, their limited future earnings, and the totality of the record, we cannot say that the trial court abused its discretion by dividing the marital property and granting 57% to appellant and 43% to respondent.

### II.

*Maintenance*

The trial court may grant spousal maintenance if it finds that the spouse seeking maintenance lacks sufficient property to provide for reasonable needs considering the standard of living established during the marriage or is unable to provide adequate self-support through appropriate employment. Minn.Stat. § 518.552, subd. 1 (Supp.1985).

*Kroening v. Kroening*, 390 N.W.2d 851 (Minn.Ct.App.1986) reversed and remanded

an award of $200 monthly temporary maintenance, holding that particularized findings with respect to Minn.Stat. § 518.552, subd. 2 (Supp.1985) are necessary to show that the trial court considered all the factors relevant to setting the amount and duration of maintenance. In *Kroening* the trial court did not address the needs of either party or the standard of living established during the marriage. This court remanded the case because the findings were inadequate for appellate review. "Particularized findings are necessary to show that relevant statutory considerations have been considered and to satisfy the parties that their case was fairly resolved by the family court." *Id. See also Riley v. Riley*, 369 N.W.2d 40, 45 (Minn.Ct.App.1985), *pet. for rev. denied* (Aug. 26, 1986).

In *Kostelnik v. Kostelnik*, 367 N.W.2d 665 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. July, 1985), this court held that findings on net income or other evidence indicating that the trial court took the husband's net income into account were necessary before this court would review an award of maintenance.

■ Here the trial court did not make the findings required by statute and by *Kroening*. The trial court must make particularized findings before this court can review the appropriateness of the trial court's maintenance award. Similarly, particularized findings are necessary before we can review denial of maintenance.

The trial court stated that it awarded appellant 57% of the property in lieu of maintenance. The court did not make findings that the property would suffice to provide for appellant's reasonable needs. Appellant's income consists primarily of investment income from a $17,000 money market account and $111 monthly social security benefits. In addition, the trial court awarded appellant an interest in the marital home, in which she may live until December 1, 1987, at which time either party may compel sale of the homestead and distribution of the net proceeds.

The court found that appellant's health condition permitted her to seek employment. The court's findings also implied that the appellant possesses vocational skills, a finding which is supported by the evidence. The trial court did not, however, address appellant's employability. The trial court must do more than assume that a 62–year–old woman can rapidly find a job and become self sufficient. Until that time when respondent retires and appellant's social security income increases from $111 a month to $330–400 per month, the record and the trial court's findings do not fully set out how appellant can support herself.

We remand to the trial court with instructions to make findings with respect to the appellant's employability and her ability to support herself. There is more to be considered in determining the appellant's employability than her health. Appellant's lack of a high school diploma or any further education, her age at 62, her lack of any real work experience outside of the family business, and her health are all significant factors to be considered if she seeks to re-enter the job market.

On remand, the trial court, in determining whether some maintenance is appropriate, at least until respondent retires and appellant's monthly social security payments increase, should make specific findings on appellant's employability.

### III.

*Attorney's fees*

Appellant requested $1000 in attorney's fees. Trial courts may award attorney's fees "necessary to enable the other spouse to carry on or to contest" a marriage dissolution. Minn.Stat. § 518.14 (1984). A refusal to award attorney's fees will not be reversed absent a clear abuse of discretion. *Bogen v. Bogen*, 261 N.W.2d 606, 611 (Minn.1977).

■ In requesting attorney's fees, appellant provided no documentation of the fees, either as an affidavit of appellant or as an affidavit of her attorney. Trial courts may award fees absent an itemized list of charges where there is testimony as to fees

incurred and the court has observed the services rendered by the attorney. *Hortis v. Hortis,* 367 N.W.2d 633, 637 (Minn.Ct. App.1985). *See also Borchert v. Borchert,* 279 Minn. 16, 154 N.W.2d 902 (1967) (trial court improperly awarded attorney's fees without adequate proof of value of counsel's services). In view of the lack of a record on documentation, the trial court's failure to award attorney fees to appellant was not an abuse of discretion.

## DECISION

The trial court did not err by awarding 57% of the marital property to appellant and 43% to respondent. We affirm on the issue of property division.

Because the court failed to make the required findings, we are unable to properly review the trial court's denial of maintenance. We remand to the court to make findings with respect to appellant's employability.

We affirm the denial of attorney's fees.

Affirmed in part, reversed in part, and remanded.